IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA/ALEXANDRIA

Alexander Otis Matthews
plaintiff

v.                                    Case No. 1:2014-cv-207

Estrategia Investimentos,S.A.,et al
defendants

FILED
MAILROOM

AUG I 3 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## Rule 15(a) Amendment To Suit

Comes Now Alexander Otis Matthews,pro se plaintiff, and for his Rule 15(a) Amendment which permits a one time by right amendment without leave of the court, based on following:

1. The plaintiff fully adopts his initial suit in its entirety, including the 6/2/2014 Supplement To Breach of Contract Claim, and through this Rule 15(a) Amendment only adds this additional claim against an additional defendant,Centrum Bank.

2. The plaintiff fully incorporates the information in paragraph 1-35 of his original complaint in bringing this claim against Centrum Bank LTD of Switzerland.

3. Acting as the relay bank for the 88 million SWIFT 199 at the heart of the plaintiff's transaction, Centrum Bank received the initiating SWIFT 199 from Estrategia on October 21,2010,as confirmed by the SWIFT receipt shown here as Appendix A. ·Despite receiving the SWIFT on October 21,2010 ,which they were obligated under the rules of their SWIFT membership to immediately relay to Volksbank per the SWIFT message instructions, Centrum sat on the SWIFT 199 and only forwarded the 199 message to Volksbank on 11/15/2010, as confirmed by the SWIFT receipt shown here as Appendix B. Centrum negligent conduct and failure to forward the 199 message under its SWIFT obligations and the obligations of the 199 contract itself caused the plaintiff's transaction to cancelled due to the inexplicable delay caused, making the seller's representative to question the validity and propriety of the very transaction itself,and depriving the plaintiff of the profit he stood to realize in consummating the transaction.

4. Under the contractual terms of the SWIFT 199 agreement and under its obligations pursuant to its SWIFT membership, Centrum Bank owed the plaintiff and AIREC a clear duty to immediately forward the SWIFT message sent to it by Estrategia. Centrum Bank broached that duty owed the AIREC and the plaintiff when it very negligently and inexplicably held the SWIFT 199 for 24 days without informing Estrategia, the plaintiff, or AIREC of its actions,Centrum's omission being the proximate cause of the plaintiff's injury and AIREC's injury in losing the transaction due to its cancellation and losing its 13 million profit.

5. Centrum Bank's actions in failing to forward the SWIFT 199 per the terms of the SWIFT 199 language also constituted a breach of contract of the SWIFT 199 agreement, a    breach .of its contractual obligations as a SWIFT member, as well as a breach of the implied covenant of good faith and fair dealing.

6. The plaintiff, as President and CEO of AIREC, has full standing to prosecute this suit in his personal capacity as CEO and President. This is pursuant to Va. Code Ann 13.1-752, whereby upon termination of a corporation's existence, its properties affairs shall pass automatically to its directors as trustees in liquidation. see Flip-Mortgage v. Mcelhone, 841 F.2d 531,535 (4th Cir 1988). Appendix C to this document shows that AIREC's corporate existence was revoked on February 28,2011, long before this instant suit was filed, and as a matter of law all of AIREC's affairs and properties were automatically placed in the name of the plaintiff on February 28,2011, and the plaintiff was also vested with the authority to act in his name on behalf of the dissolved entity.

7. Because Centrum Bank is a foreign entity based in Zurich, Switzerland, the plaintiff will effect service of the summons and the complaint via Centrum Bank's email, such service having been permitted by the EDVA/Alexandria courts in prior suits involving foreign defendants. see Whoshere,Inc., v. Gokhan Orun, U.S. Dist LEXIS 22084, Civil No 1:13-cv-00526-AJT-TRJ, ( 4th Cir 2014).

8. Based on the foregoing, the plaintiff charges Centrum Bank with negligence under the common law of the Commonwealth of Virginia. The plaintiff also charges Centrum Bank with breach of contract under Virginia law,as well as a breach of the implied covenant of good faith and fair dealing.

9 The plaintiff requests the sum of 13 million USD from Centrum Bank  as damages for his injuries.

Respectfully,

8/7/2014 _____

Alexander Otis Matthews
AIREC CEO/President
24394-016
Berlin Federal Prison Camp
PO BOX 9000
Berlin,NH 03570