**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, | |
| Plaintiff, | Case No. 1:14cv0207 LO/MSN |
| vs. | |
| ESTRATEGIA INVESTIMENTOS, S.A., *et al.*, | |
| Defendants. | |

**DEFENDANT CENTRUM BERATUNGS- UND BETEILIGUNGEN AG'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Pag**e

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

    A.    This Court Does Not Have Personal Jurisdiction Over Centrum B&B ................... 4

        1.    Virginia's Long-Arm Statute Does Not Authorize This Court's Exercise of Personal Jurisdiction Over Centrum B&B .............................. 5

        2.    This Court's Exercise of Personal Jurisdiction Over Centrum B&B Would Violate Due Process ....................................................................... 6

    B.    Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted ....... 10

CONCLUSION ....................................................................................................................... 13


## TABLE OF AUTHORITIES

**CASES**

*Allard v. Laroya*,
    163 F. Supp. 3d 309 (E.D. Va. 2016) .................................................................................. 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................... 11, 12

*Banco del Austro, S.A. v. Wells Fargo Bank, N.A.*,
    215 F. Supp. 3d 302 (S.D.N.Y. 2016) .................................................................................. 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 10, 11, 12

*Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*,
    624 S.E.2d 55 (Va. 2006) ...................................................................................................... 11

*Buchbinder v. Natanzon*,
    205 Fed. App'x 984 (4th Cir. 2006) ....................................................................................... 3

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ..................................................................................................... 7, 8, 9

*Charles E. Brauer Co., Inc. v. NationsBank of Va.*,
    466 S.E.2d 382 (Va. 1996) .................................................................................................. 13

*Consulting Engineers Corp. v. Geometric Ltd.*,
    561 F.3d 273 (4th Cir. 2009) ..................................................................................... 4, 5, 7, 9

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ................................................................................................ 1, 5, 7, 8

*DeSantis v. Hafner Creations, Inc.*,
    949 F. Supp. 419 (E.D. Va. 1996) ......................................................................................... 5

*Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*,
    2016 WL 1169508 (S.D.N.Y. Mar. 21, 2016) ...................................................................... 12

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd.*,
    213 F.3d 175 (4th Cir. 2000) ............................................................................................... 10

*Envtl. Staffing Acquisition Corp. v. B & R Const. Mgmt., Inc.*,
    725 S.E.2d 550 (Va. 2012) .................................................................................................. 12

*Fill v. Midcoast Fin., Inc.*,
    2012 WL 5879840 (E.D. Va. Nov. 20, 2012) ........................................................................ 8

*Fischer & Mandell LLP v. Citibank, N.A.*,
  2010 WL 2484205 (S.D.N.Y. May 27, 2010) ................................................................. 12

*Flip Mortg. Corp. v. McElhone*,
  841 F.2d 531 (4th Cir. 1988) .......................................................................................... 3

*Giarratano v. Johnson*,
  521 F.3d 298 (4th Cir. 2008) ........................................................................................ 10

*Guetersloh In re*,
  326 S.W.3d 737 (Tex. Ct. App. 2010) ............................................................................ 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ....................................................................................................... 7

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984) ........................................................................................................ 10

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ....................................................................................................... 7

*Navar, Inc. v. Fed. Bus. Council*,
  784 S.E.2d 296 (Va. 2016) ........................................................................................... 12

*Nichols v. G.D. Searle & Co.*,
  991 F.2d 1195 (4th Cir. 1993) ....................................................................................... 7

*Virginia Elec. & Power Co. v. Bransen Energy, Inc.*,
  850 F.3d 645 (4th Cir. 2017) ........................................................................................ 12

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ............................................................................................... 8, 9

*Williams In re*,
  455 B.R. 485 (Bankr. E.D. Va. 2011) ............................................................................ 3

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ....................................................................................................... 8

*Zuberi v. Hirezi*,
  2017 WL 436278 (E.D. Va. Jan. 30, 2017) ................................................................. 12

**CONSTITUTIONAL PROVISION**

U.S. Const. amend. XIV ................................................................................................ 5, 6, 10

**STATUTE**

28 U.S.C. § 1332 ............................................................................................................................ 3

**RULES & REGULATIONS**

Federal Rule of Civil Procedure 4(f)(1) ........................................................................................ 2

Federal Rule of Civil Procedure 12(b)(2) ........................................................................ 1, 4, 6, 10

Federal Rule of Civil Procedure 12(b)(6) .......................................................................... 1, 10, 12, 13

Federal Rule of Civil Procedure 15(a) .......................................................................................... 2

Va. Code Ann. §§ 8.01-328-8.01-330 ........................................................................................... 5

Va. Code Ann. § 8.01-328.1(A) ................................................................................................ 5, 6

Va. Code Ann. § 13.1-752 ............................................................................................................ 3

Va. Code Ann. § 16.1-88.03(B) .................................................................................................... 3

**OTHER AUTHORITIES**

Va. Unauthorized Practice Rule 1-101 ......................................................................................... 3

Va. Unauthorized Practice Considerations 1-2 ............................................................................ 3

Specially-appearing Defendant Centrum Beratungs- und Beteiligungen AG ("Centrum B&B") hereby moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this Court does not have personal jurisdiction over Centrum B&B.[1]  Without any prejudice to or waiver of its objection to personal jurisdiction, Centrum B&B also moves for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Centrum B&B, by counsel, files this Brief In Support Of Its Motion To Dismiss, and in support thereof, states as follows:

## INTRODUCTION

Plaintiff Alexander Otis Matthews purports to assert claims for negligence, breach of contract, and breach of implied covenant of good faith and fair dealing against Centrum B&B based on an allegation that Centrum B&B did not immediately forward an international financial message sent by a Brazilian bank to a Hungarian bank.  Plaintiff's action against Centrum B&B should be dismissed for lack of personal jurisdiction and failure to state a claim.

*First*, this Court does not have personal jurisdiction over Centrum B&B.  The Amended Complaint acknowledges that Centrum B&B's home is in Zurich, Switzerland, and therefore general personal jurisdiction does not apply.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  Plaintiff fails to allege any acts by Centrum B&B in the Commonwealth of Virginia that would support the exercise of specific personal jurisdiction.  Plaintiff alleges that he and American Investment Real Estate Corporation, a Virginia corporation, were injured by Centrum B&B. But Plaintiff's allegations do not show that Centrum B&B had sufficient minimum contacts with the Commonwealth of Virginia, such that Centrum B&B became subject to the personal jurisdiction of the courts in Virginia.

---

[1]  It is Centrum B&B's understanding that this Court's jurisdiction over Centrum B&B would not be recognized under the laws of Switzerland.

*Second*, the Amended Complaint as to Centrum B&B should be dismissed because it fails to state a claim upon which relief can be granted. Plaintiff has failed to allege sufficient facts to support his purported claims for negligence, breach of contract, and breach of implied covenant of good faith and fair dealing. Plaintiff's factual allegations do not plausibly state that Centrum B&B owed any duty of care to him or that Plaintiff is a party to, or a third-party beneficiary of, any contract to which Centrum B&B is a party.

## BACKGROUND

On February 26, 2014, nearly three and a half years ago, Plaintiff filed a Complaint in the U.S. District Court for the Eastern District of Virginia against Defendants Estrategia Investimentos, S.A., a Brazilian bank; Bruce H. Haglund, a California attorney; Wilson, Haglund, and Paulsen, a California law firm; and Metropolitan Bankcorp Ltd, a New Zealand financial services firm, purporting to assert a breach of contract and other related claims. Dkt. 1 ¶¶ 4-7, 36. On August 13, 2014, Plaintiff filed a Rule 15(a) Amendment to Suit (the "Amended Complaint") to add "Centrum Bank LTD of Switzerland" as a defendant,[2] purporting to assert state law claims of negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. Dkt. 5 ¶¶ 2, 8.

On February 8, 2017, this Court ordered Plaintiff to show cause why the Complaint should not be dismissed for failure to serve process and failure to prosecute the action. Dkt. 14. On March 23, 2017, this Court instructed Plaintiff to effect service on Centrum B&B pursuant to Rule 4(f)(1). Dkt. 19. On July 10, 2017, Centrum B&B was served with process in Zurich,

---

[2] During the time relevant to the Amended Complaint, Centrum B&B was formerly known as Centrum Bank (Switzerland) AG. In November 2014, it changed the name to Centrum Beratungs- und Beteiligungen AG. *See* Declaration of Dr. Johannes Burger ("Burger Decl.," filed herewith) ¶ 4.

2

Switzerland. Dkt. 43. Plaintiff has alleged that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship. Dkt. 1 ¶ 8.

Plaintiff alleged that he acts as trustee in liquidation on behalf of American Investments Real Estate Corporation ("AIREC"), a Virginia corporation whose existence had been terminated by the Commonwealth of Virginia for nonpayment of fees.[3] Dkt. 5-1, at 5; Dkt. 6, at 1. According to the Amended Complaint, on October 21, 2010, Centrum B&B allegedly received a Society for Worldwide Interbank Financial Telecommunications ("SWIFT") message[4] from a Brazilian bank, Estrategia Investimentos, S.A., and on November 15, 2010, Centrum B&B allegedly forwarded the message to a Hungarian bank, Magyarorszagi Volksbank ZRT. Dkt. 5 ¶ 3. Plaintiff has alleged that AIREC incurred loss because Centrum B&B allegedly did not immediately forward the message. *Id.* ¶ 4.

Centrum B&B is a Swiss stock corporation with its principal place of business in Zurich, Switzerland. Plaintiff has failed to allege any acts by Centrum B&B that purportedly took place

---

[3] Centrum B&B reserves the right to challenge Plaintiff's standing to represent the interests of AIREC in this Court. In addition, Plaintiff has no right to proceed in a *pro se* capacity. As he is allegedly acting as a trustee in liquidation of a corporation whose existence had been terminated under Va. Code Ann. § 13.1-752, Plaintiff is not advocating his individual right but is acting on behalf of the trust in liquidation, necessarily engaging in the unauthorized practice of law. *See* Va. Unauthorized Practice Considerations 1-2 ("A non-lawyer may represent himself, but not the interest of another, before any tribunal."); Va. Unauthorized Practice Rule 1-101; *In re Guetersloh*, 326 S.W.3d 737, 739-40 (Tex. Ct. App. 2010) (affirming the trial court's prohibiting a non-attorney trustee from appearing *pro se*); *see also* Va. Code Ann. § 16.1-88.03(B) (requiring corporations to be represented by attorney to litigate claims). Cases cited by Plaintiff do not involve a plaintiff acting on behalf of another in a *pro se* capacity. *See In re Williams*, 455 B.R. 485, 487 n.1 (Bankr. E.D. Va. 2011) (the defunct LLC without representation was a nominal party—"a mere stakeholder and the object of the litigation"—not acting on behalf of another); *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 532 (4th Cir. 1988) (all parties represented by attorneys).
[4] "A 'SWIFT message' is an electronic message sent through the global banking telecommunications network called the Society for Worldwide Interbank Financial Telecommunications." *Buchbinder v. Natanzon*, 205 Fed. App'x 984, 986 n.1 (4th Cir. 2006).

3

in the Commonwealth of Virginia. Plaintiff admits that Centrum B&B's home is in Zurich. *See* Dkt. 5 ¶ 7 ("Centrum Bank is a foreign entity based in Zurich, Switzerland."). Centrum B&B has no contacts with Virginia to support a claim of personal jurisdiction over it, which is supported by the following facts:

- Centrum B&B is organized and exists under the laws of Switzerland. (Burger Decl. ¶ 2.)
- Centrum B&B has never maintained a place of business in Virginia. (*Id.* ¶ 5.)
- None of Centrum B&B's corporate files are located in Virginia. (*Id.* ¶ 6.)
- At no time has Centrum B&B had any employees located in Virginia. (*Id.* ¶ 7.)
- Centrum B&B is not licensed, registered, or otherwise authorized to conduct business in Virginia. (*Id.* ¶ 8.)
- Centrum B&B has no property, bank accounts, officers, or mailing addresses in Virginia. (*Id.* ¶ 9.)
- Centrum B&B has paid no taxes to the Commonwealth of Virginia. (*Id.* ¶ 10.)
- Centrum B&B does not maintain any telephone listing or mailing address in Virginia. (*Id.* ¶ 11.)
- Centrum B&B has not solicited any business in Virginia. (*Id.* ¶ 12.)
- Centrum B&B has derived no revenue from services rendered in Virginia. (*Id.* ¶ 13.)

## ARGUMENT

### A.   This Court Does Not Have Personal Jurisdiction Over Centrum B&B

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal of an action where the court lacks the requisite personal jurisdiction. Plaintiff bears "the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). Plaintiff has made no attempts to show any jurisdictional basis as to Centrum B&B. This Court

does not have specific personal jurisdiction over Centrum B&B because Plaintiff does not, and cannot, allege that Centrum B&B has had any contacts with Virginia that relate in any way to the subject matter of this lawsuit. Plaintiff cannot establish general personal jurisdiction over Centrum B&B because such broad exercise of jurisdiction is proper only where the foreign defendant can be said to be "at home." *Daimler AG*, 134 S. Ct. at 760. Centrum B&B does not engage in any business in Virginia, much less the type of contacts required for the exercise of general personal jurisdiction.

### 1. Virginia's Long-Arm Statute Does Not Authorize This Court's Exercise of Personal Jurisdiction Over Centrum B&B

It is well established that a federal court may exercise personal jurisdiction over a foreign corporation only if: "such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Engineers*, 561 F.3d at 277. While Virginia's long-arm statute, Va. Code Ann. §§ 8.01-328-8.01-330, is intended to extend personal jurisdiction "to the extent permissible under the due process clause," *Consulting Engineers*, 561 F.3d at 277, the courts have recognized that the statute "must be satisfied even in those situations where it could plausibly be argued that a lesser standard would meet due process." *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 423 (E.D. Va. 1996) (Ellis, J.) (internal quotation marks omitted). This is because "Virginia's long-arm statute provides a ceiling of procedural protections above the federal floor of constitutional due process." *Id.*

Virginia's long-arm statute does not authorize this Court's personal jurisdiction over Centrum B&B. Plaintiff cannot show that his cause of action arose from Centrum B&B's "[t]ransacting any business in this Commonwealth," "[c]ontracting to supply services or things in this Commonwealth," or "[c]ausing tortious injury by an act or omission in this

5

Commonwealth." Va. Code Ann. §§ 8.01-328.1(A)(1)-(3). None of the alleged acts or omissions by Centrum B&B occurred in Virginia. Plaintiff's purported claim against Centrum B&B is based on the allegation that Centrum B&B "received the initiating SWIFT 199 from Estrategia on October 21, 2010" and "sat on the SWIFT 199 and only forwarded the 199 message to Volksbank on 11/15/2010." Dkt. 5 ¶ 3. Estrategia is "a Brazillian bank with a US branch located in Miami, FL," Dkt. 1 ¶ 7; and Volksbank is "a Hungarian based European commercial bank," *id.* ¶ 19. The very act of which Plaintiff complains—receiving and forwarding of a SWIFT financial message—took place entirely in Switzerland.

If a plaintiff's cause of action arises from a foreign defendant's "[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth," Virginia's long-arm statute requires a showing that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(4). Plaintiff cannot make such requisite showing because Centrum B&B does not do or solicit any business in Virginia, engage in any other persistent course of conduct in Virginia, or derive any revenue from services rendered in Virginia. *See* Burger Decl. ¶¶ 5-13.

In sum, Virginia's long-arm statute does not authorize this Court's exercise of personal jurisdiction over Centrum B&B in this action. Therefore, Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

### 2. This Court's Exercise of Personal Jurisdiction Over Centrum B&B Would Violate Due Process

This Court's exercise of personal jurisdiction over Centrum B&B would be inconsistent with the due process clause of the Fourteenth Amendment. To satisfy the constitutional requirement, a plaintiff must show that a defendant had sufficient "minimum contacts" with the

forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *Consulting Engineers*, 561 F.3d at 277. The constitutional requirement of minimum contacts depends on whether the plaintiff is seeking the court's exercise of general jurisdiction or specific jurisdiction. General jurisdiction is required if the cause of action is unrelated to any contacts that the defendant had with the forum state, while specific jurisdiction arises only if the cause of action is sufficiently related to the defendant's contacts with the forum state. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 n.2. (4th Cir. 1993) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984)). Neither general jurisdiction nor specific jurisdiction over Centrum B&B exists in this Court.

For a foreign corporation, general jurisdiction is proper "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (internal quotation marks omitted). "[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 760 (internal quotation marks omitted). Centrum B&B is incorporated in Switzerland, and its principal place of business is Zurich, Switzerland. Given that Centrum B&B had no business operations in Virginia, Centrum B&B cannot be said to be "at home" in Virginia. *See* Burger Decl., ¶¶ 5-13. Under *Daimler*, therefore, this Court may not exercise general jurisdiction over Centrum B&B. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not

render them liable to suit.'" *Id.* at 761-62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Specific jurisdiction requires a tripartite showing that: (1) the foreign defendant purposely directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities therein; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, *i.e.* is consistent with fair play and substantial justice. *Burger King*, 471 U.S. at 477-78. "The purpose of this limited jurisdiction is to protect defendants from the burdens of litigating in a distant or inconvenient forum." *Fill v. Midcoast Fin., Inc.*, 2012 WL 5879840, at *2 (E.D. Va. Nov. 20, 2012) (O'Grady, J.).

For a court to exercise specific jurisdiction consistent with due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The "mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126. Furthermore, the relation between the defendant and the forum "must arise out of contacts that the 'defendant himself' creates with the forum." *Id.* at 1122. Such minimum contacts only exist when the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This constitutional requirement ensures that a foreign defendant is not "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (internal quotation marks and citations omitted).

Here, Plaintiff alleged none of the elements of the tripartite showing that are required for the exercise of specific jurisdiction. Plaintiff does not, and cannot, allege that Centrum B&B

8

purposely directed its activities toward Virginia residents, or purposely availed itself of the privilege of conducting activities in Virginia. Centrum B&B has no business operations in Virginia, and it has not solicited any business in Virginia. *See* Burger Decl., ¶¶ 5-13. Plaintiff's purported cause of action arises out of, or results from, Centrum B&B's allegedly receiving and forwarding a financial message, which took place entirely in Switzerland—completely unrelated to Virginia. Furthermore, this Court's exercise of personal jurisdiction over Centrum B&B would be unreasonable and offend the traditional notions of fair play and substantial justice because Centrum B&B could not foresee that it would be haled into litigation in a Virginia court, given the non-existence of any contacts between Centrum B&B and the Commonwealth of Virginia.

The only connection that one could conceive between Centrum B&B and Virginia in this case is that Centrum B&B's alleged acts of transmitting a financial message had allegedly an effect on Plaintiff located in Virginia. Plaintiff alleges that he represents the interests of AIREC, a Virginia corporation whose existence had been terminated by the Commonwealth of Virginia for nonpayment of fees in 2011. However, "[t]he jurisdictional inquiry remains centered on the extent, nature, and quality" of the contacts that ***Centrum B&B itself*** created with Virginia. *See Consulting Engineers*, 561 F.3d at 281. Any alleged injury felt in the forum state "must ultimately be accompanied by the ***defendant's own contacts*** with the state if jurisdiction over the defendant is to be upheld." *Id.* (emphasis added). The "mere fact that [Centrum B&B's] conduct affected [Plaintiff] with connections to the forum State does not suffice to authorize jurisdiction." *See Walden*, 134 S. Ct. at 1126. If this Court were to exercise personal jurisdiction over Centrum B&B, Centrum B&B would be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated" course of events. *See Burger King*, 471 U.S. at 475.

9

In sum, this Court's exercise of personal jurisdiction over Centrum B&B in this action is unauthorized by Virginia's long-arm statute and would be inconsistent with the due process clause of the Fourteenth Amendment.[5]  Therefore, Plaintiff's action against Centrum B&B should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

### B.  Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted

Without any prejudice to or waiver of its objection to personal jurisdiction raised in Part A above, Centrum B&B also moves for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  While the Court must take all factual allegations made in a complaint as true, *see Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000), the Supreme Court heightened a plaintiff's pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. at 555.  The Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 306, n.3 (4th Cir. 2008).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that he has "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable

---

[5]  It is Centrum B&B's understanding that this Court's jurisdiction over Centrum B&B would not be recognized under the laws of Switzerland.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff has not met the pleading standards under *Twombly/Iqbal* with respect to any of the three claims that he purported to assert against Centrum B&B. Plaintiff has failed to allege sufficient facts to state a negligence claim that is plausible on its face. To bring a negligence claim, a plaintiff is required to show the existence of "a legal duty on the part of the defendant, breach of that duty, and . . . that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006); *see Allard v. Laroya*, 163 F. Supp. 3d 309, 313 (E.D. Va. 2016) (Ellis, J.). Here, Plaintiff has alleged that Centrum B&B owed him "a clear duty to immediately forward the SWIFT message sent to it by Estrategia" under "the contractual terms of the SWIFT 199 agreement and under its obligations pursuant to its SWIFT membership." Dkt. 5 ¶ 4. Aside from these "naked assertions," however, Plaintiff has not provided any further factual support showing plausibly that Centrum B&B somehow owed a duty to Plaintiff. Centrum B&B is not a party to any of the contracts that Plaintiff refers to as the "SWIFT 199 agreement."[6] SWIFT, a banking consortium that "specializes in the transmission of financial messages between banks

---

[6] The escrow agreement upon which Plaintiff relies was actually between Green Energy Capital Corp.; A.J. Berrones and Associates, LLC; and Bruce H. Haglund, Esq., and the letter agreement attached to the escrow agreement was between A.J. Berrones and Associates, LLC and Green Energy Capital Corp. *See* Dkt. 1, at 9, 17. A draft SWIFT 199 message was appended to the letter agreement as an exhibit. *See id.* at 18. In fact, AIREC is not even a party to the escrow agreement or the letter agreement attached to the escrow agreement.

11

and financial institutions," *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, 2016 WL 1169508, at *6 n.9 (S.D.N.Y. Mar. 21, 2016), does not plausibly create a duty of care owed by a bank to a non-member third party that is neither a sender or recipient of a financial message. *See Banco del Austro, S.A. v. Wells Fargo Bank, N.A.*, 215 F. Supp. 3d 302, 306-07 (S.D.N.Y. 2016) (holding that the U.C.C. precludes common-law negligence claims arising out of wire transfers effected by banks via SWIFT messages); *Fischer & Mandell LLP v. Citibank, N.A.*, 2010 WL 2484205, at *7 (S.D.N.Y. May 27, 2010) (same). Plaintiff's naked conclusory assertions and formulaic recitation of the elements of a negligence claim are not sufficient for Plaintiff to overcome a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678.

Plaintiff's breach of contract claim fails for the same reasons. Under Virginia law, to state a claim for breach of contract, a plaintiff must allege "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016); *see Virginia Elec. & Power Co. v. Bransen Energy, Inc.*, 850 F.3d 645, 655 (4th Cir. 2017). As stated above, Plaintiff has not alleged – and cannot allege – plausibly that Centrum B&B owed any legally enforceable obligation to Plaintiff. No contractual relationship between Centrum B&B and Plaintiff ever existed. Nor was Plaintiff a third-party beneficiary of any contract to which Centrum B&B was a party, and Plaintiff has failed to plausibly allege that Centrum B&B "clearly and definitively intended that the contract confer a benefit upon him." *Envtl. Staffing Acquisition Corp. v. B & R Const. Mgmt., Inc.*, 725 S.E.2d 550, 554 (Va. 2012); *Zuberi v. Hirezi*, 2017 WL 436278, at *9 (E.D. Va. Jan. 30, 2017) (Trenga, J.).

Plaintiff's breach of an implied covenant of good faith and fair dealing claim likewise fails because such claim is necessarily predicated upon the existence of a contractual relationship between the parties. *See Charles E. Brauer Co., Inc. v. NationsBank of Va.*, 466 S.E.2d 382, 386 (Va. 1996)).

In sum, Plaintiff's claims against Centrum B&B fail to state a claim upon which relief can be granted and should thus be dismissed under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Centrum B&B respectfully requests that this Court dismiss Plaintiff's action against Centrum B&B with prejudice.

Dated:  July 31, 2017                                     Respectfully submitted,

  /s/ *Charles B. Molster, III*
Charles B. Molster, III
Virginia State Bar No. 23613
THE LAW OFFICES OF
  CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Ave., N.W., Suite M
Washington, D.C. 20007
Telephone:  (202) 787-1312
cmolster@molsterlaw.com


K. Chris Todd (*pro hac vice pending*)
Minsuk Han (*pro hac vice pending)*
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
ctodd@kellogghansen.com
mhan@kellogghansen.com

*Attorneys for Defendant Centrum Beratungs-und Beteiligungen AG*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants, and I have caused a hard copy to be mailed by first class mail, postage prepaid, to the following:

>Alexander Otis Matthews  #24394-016
>P.O. Box 9000
>Berlin Federal Prison Camp
>Berlin, NH 03570

      /s/ *Charles B. Molster, III*
      Charles B. Molster, III