FILED
MAILROOM
AUG 29 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

BRUCE H. HAGLUND, Pro Se
20 Foxboro, Irvine, California 92614
Telephone: (714) 801-3000
Facsimile: (949) 266-8426
E-Mail: bruce@tficonsulting.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

Alexander Otis Matthews, Plaintiff

v.

Estrategia Investimentos, S.A., Bruce H. Haglund, and Wilson, Haglund & Paulsen

Case No. 1:14cv207-LO-MSN

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION**

Defendants, Bruce H. Haglund ("Haglund") and Wilson, Haglund & Paulsen ("WHP") (collectively the "Defendants") hereby make a limited appearance for the purpose of contesting subject matter and personal jurisdiction only and move for an order pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (2) dismissing the Alias Amended Complaint (the "Complaint") filed against the Defendants by Alexander Otis Matthews (the "Plaintiff").

This Motion is supported by the following Memorandum of Points and Authorities and all pleadings on file with the Court, all of which are hereby incorporated by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS; INTRODUCTION

The Plaintiff has failed to plead any facts indicating that the Court has subject matter jurisdiction or personal jurisdiction over the Defendants. In paragraph 2 of the Complaint, Plaintiff alleges that he "brings this suit in his personal capacity as President and CEO of American Investments Real Estate Corporation" and in paragraph 9 that "American Investments Real Estate Corporation [AIREC] was a

corporation in good standing in Virginia that was in the business of ... resell[ing] investment grade bonds." Thereafter, Plaintiff alleges that AIREC was injured by the alleged actions of Defendants.

Plaintiff also alleges in Paragraph 3 of the Complaint that the "events in this suit occurred between 6/1/2010 and 11/15/2010 in the state of Virginia." Nevertheless, this allegation is false in that none of the events related to the Defendants' alleged actions occurred in the state of Virginia.

Haglund was at all relevant times a resident of Irvine, California and not conducting any business in the state of Virginia.

WHP, which was dissolved in May 2012, was at all relevant times a California corporation with its principal place of business in Irvine, California and not conducting any business in Virginia.

A.J. Berrones and Associates, LLC ("Berrones") had its principal place of business in Merced, California and was not conducting any business in Virginia.

Green Energy Capital Corp. ("Energy") was at all relevant times a Delaware corporation, registered as a foreign corporation in Alabama, and for purposes of the Escrow Agreement dated October 18, 2010, attached to the Complaint as Appendix A (the "Escrow Agreement"), listed its address in Montgomery, Alabama.

Notwithstanding the Plaintiff's allegation in Paragraph 20 of the Complaint that "AIREC and Energy hired defendant attorney Bruce H. Haglund and the law firm of Wilson, Haglund and Paulsen to conduct the transaction and to act as the escrow agent," Haglund was engaged by Berrones to act as the Escrow Attorney pursuant to the terms of the Escrow Agreement and neither the Plaintiff nor American Investments Real Estate Corporation ("AIREC") were parties to the Escrow Agreement by and among Haglund, Berrones, and Energy. At no time did the Plaintiff or AIREC engage Haglund or WHP nor did the Plaintiff or AIREC have any contact with Haglund or WHP.

None of the events related to the Escrow Agreement took place in Virginia.

The Plaintiff fails to plead any facts pertaining to personal jurisdiction over Haglund or WHP. Accordingly, the Court should dismiss the case against the Defendants.

## II. LEGAL STANDARD FOR SUBJECT MATTER JURISDICTION

Federal Rule of Civil Procedure, Rule 12(b)(1) allows a defendant to move to dismiss for lack of subject matter jurisdiction. Because Article III's "standing" and "ripeness" requirements limit subject matter jurisdiction, they are properly challenged by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2010) 598 F3d 1115, 1122; *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.* (11th Cir. 2008) 524 F3d 1229, 1232; *Apex Digital, Inc. v. Sears, Roebuck & Co.* (7th Cir. 2009) 572 F3d 440, 443. Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing that he or she suffered an injury in fact traceable to defendant's conduct that is redressable by a favorable decision. *Spokeo, Inc. v. Robins* (2016) US , , 136 S.Ct. 1540, 1547.

To establish "a case or controversy" within the meaning of Article III, plaintiff must show the following as an "irreducible minimum": An "injury in fact" that is concrete and particularized, actual or imminent, and not hypothetical or conjectural; a causal connection between the injury and defendant's conduct or omissions; and a likelihood that the injury will be redressed by a favorable decision. *Spokeo, supra* US at , 136 S.Ct. at 1547; *Lujan v. Defenders of Wildlife* (1992) 504 US 555, 560-561, 112 S.Ct. 2130, 2136. In addition, the claim must relate to plaintiff's *own* legal rights and interests, rather than the legal rights or interests of third parties. *Elk Grove Unified School Dist. v. Newdow* (2004) 542 US 1, 14, 124 S.Ct. 2301, 2310 (abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.* (2014) 572 US _, _, 134 S.Ct. 1377, 1386-1387. *Superior MRI Services, Inc. v. Alliance Healthcare Services, Inc.* (5th Cir. 2015) 778 F3d 502, 504, 506 [a party must assert its own right to sue].

## III. THE PLAINTIFF FAILS TO AND CANNOT REASONABLY PLEAD ANY ALLEGATIONS REGARDING THE COURT'S SUBJECT MATTER JURISDICTION.

For each of the claims set forth in the Complaint, Plaintiff, an individual, seeks relief on behalf of AIREC, a corporation. Plaintiff alleges that AIREC bought an option to purchase a bond that it then sought to sell. Complaint, ¶¶9-14. To facilitate the sale of the bond, Plaintiff alleges that AIREC hired Defendants to act as escrow agent for the sale. Complaint, ¶¶15-20. Plaintiff alleges that Defendants acted negligently in allowing AIREC's funds to leave the escrow without confirming the completed transaction. Complaint, ¶¶21-31. As a result, Plaintiff alleges that "AIREC thus lost the money it had been paying as a call option-fee to reserve the bond for the prior six months, as well as its portion of the profits to be made on the sale, which was US 13 million." Complaint, ¶¶32.

While these allegations may or may not plead standing on behalf of AIREC, they do not amount to a personal claim on behalf of Plaintiff, an individual. As such, Plaintiff has not and cannot truthfully allege a claim for which he has standing to sue. Without this standing, the Court lacks subject matter jurisdiction and the Complaint should be dismissed pursuant to Rule 12(b)(1).

## IV. LEGAL STANDARD FOR PERSONAL JURISDICTION.

Federal Rule of Civil Procedure, Rule 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a prima facie case for personal jurisdiction. See *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Id. at* 1015. Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Virginia does, a court need only address federal due process standards. *Id.*

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 157 (1945)

In the Fourth Circuit, the plaintiff must show "(1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution

of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies." Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945–46 (4th Cir. 1994).]

## V. THE PLAINTIFF FAILS TO AND CANNOT REASONABLY PLEAD ANY ALLEGATIONS REGARDING THE COURT'S GENERAL PERSONAL JURISDICTION OVER THE DEFENDANTS.

The Plaintiff has not and cannot truthfully allege that the Court has general personal jurisdiction over the Defendants. None of the Defendants reside in Virginia, has ever had any offices in Virginia, has ever owned any property in Virginia, has ever had any employees or agents in Virginia, or has ever conducted any business in Virginia. See Declaration of Bruce H. Haglund (the "Haglund Declaration") attached to this Motion. Accordingly, the Defendants certainly cannot be considered "at home" in Virginia.

## VI. THE PLAINTIFF FAILS TO AND CANNOT REASONABLY PLEAD ANY ALLEGATIONS REGARDING THE COURT'S SPECIFIC PERSONAL JURISDICTION OVER THE DEFENDANTS.

Again, as discussed above, the Plaintiff fails to plead any factual allegations related to the Court's personal jurisdiction over the Defendants. Instead, the Plaintiff acknowledges in his complaint that the Defendants reside and/or were located in California. Moreover, the Defendants have no contacts, much less the required "minimum contacts," with the state of Virginia in relation to any of the transactions relating to the Escrow Agreement.

Within the specific jurisdiction analysis, a plaintiff must establish that the defendant purposefully availed himself of the forum. Lesnick, supra, at 945–46. Here, Plaintiff's scant allegations are untruthful.

As demonstrated by the testimony submitted concurrently in the Haglund Declaration, none of the events related to the Defendants' alleged actions occurred

in the state of Virginia.  Haglund Decl. ¶¶2-11 and 14 and Declaration of A.J. Berrones (the "Berrones Declaration") ¶¶2-4 and 6.

Plaintiff was not a party to the Escrow Agreement that is central to the complaint. Haglund Decl. ¶¶13 and Berrones Declaration 5-6.

Accordingly, the Court must conclude that the Plaintiff has failed to and cannot reasonably meet his burden of demonstrating that his allegations establish a prima facie case for personal jurisdiction.

## VII.   CONCLUSION

For these reasons, the Defendants respectfully request that the Court enter an order dismissing the Complaint against the Defendants for lack of personal jurisdiction and granting such other and further relief as the court finds reasonable and necessary.

DATED:  August 28, 2017

BRUCE H. HAGLUND, Pro Se

BRUCE H. HAGLUND, Pro Se
20 Foxboro, Irvine, California 92614
Telephone: (714) 801-3000
Facsimile: (949) 266-8426
E-Mail: bruce@tficonsulting.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

Alexander Otis Matthews, Plaintiff

v.

Estrategia Investimentos, S.A., Bruce H. Haglund, and Wilson, Haglund & Paulsen

Case No. 1:14cv207-LO-MSN

**DECLARATION OF BRUCE H. HAGLUND IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION**

**DECLARATION OF BRUCE H. HAGLUND**

I, BRUCE H. HAGLUND, declare the following under penalty of perjury for the laws of the United States of America:

1. I submit this declaration is support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction filed by Bruce H. Haglund and Wilson, Haglund & Paulsen (the "Defendants") in connection with the above-captioned Complaint (the "Complaint").

2. I am a resident of Irvine, California, where I have lived continuously since 1979.

3. Wilson, Haglund & Paulsen ("WHP") was a law firm doing business in Irvine, California from March 2006 until May 2012. At no time did WHP maintain an office, have employees, employ agents, or conduct business in Virginia.

4. I have never worked in Virginia.

5. Neither I nor WHP own or have ever owned any property in Virginia.

/////

6.    Neither I nor WHP conduct or have conducted any regular business in Virginia.

7.    Neither I nor WHP transacted any business in Virginia related to this lawsuit and/or the underlying transactions related thereto.

8.    Neither I nor WHP have ever had any bank accounts in Virginia.

9.    Neither I nor WHP have ever had an office in Virginia.

10.   Neither I nor WHP have ever appointed or employed an agent in Virginia.

11.   Neither I nor WHP have ever had any employees in Virginia.

12.   In October 2010, I was retained by A.J. BERONNES AND ASSOCIATES, LLC, of Merced, California ("Berrones LLC") to prepare an Escrow Agreement for a transaction to be entered into by Berrones LLC and GREEN ENERGY CAPITAL CORP., a Delaware corporation registered as a foreign corporation in Alabama ("Energy"), and in my individual capacity to act as an escrow agent.

13.   On or about October 18, 2010, I prepared and entered into that certain Escrow Agreement by and among Energy, Berrones LLC, and myself as Escrow Agent.  A true and correct copy of the Escrow Agreement is attached hereto as Exhibit "A."  TERRY HESTER ("Hester") executed the Escrow Agreement in his capacity as President of Energy and A.J. BERRONES ("Berrones") executed the Escrow Agreement in his capacity as Manager of Berrones LLC. The Plaintiff was not a party to the Escrow Agreement.

13.   The Escrow Agreement, at Hester's direction, listed Energy's address at 6767 Taylor Circle, Montgomery, Alabama 36117.

14.   None of the events related to the Escrow Agreement took place in Virginia.

15.   At no time did I enter into a retainer agreement with Energy or Hester or have any oral discussions or agreement with Energy or Hester regarding

their or anyone else's engagement of me as his or its counsel in connection any transaction related to the subject matter of the Escrow Agreement; my only contractual relationship with Energy or Hester was in connection with the Escrow Agreement.

16. I had no contact with AMERICAN INVESTMENTS REAL ESTATE CORPORATION ("AIREC") or ALEXANDER OTIS MATTHEWS (the "Plaintiff") in connection with the Escrow Agreement or otherwise. At no time did I enter into a retainer agreement with AIREC or the Plaintiff or have any oral discussions or oral agreement with AIREC or the Plaintiff regarding their or anyone else's engagement of me as his or its counsel in connection any transaction related to the subject matter of the Escrow Agreement or any other matter.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 28, 2017

[signature]
BRUCE H. HAGLUND

BRUCE H. HAGLUND, Pro Se
20 Foxboro, Irvine, California 92614
Telephone: (714) 801-3000
Facsimile: (949) 266-8426
E-Mail: bruce@tficonsulting.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| Alexander Otis Matthews, Plaintiff<br><br>v.<br><br>Estrategia Investimentos, S.A., Bruce H. Haglund, and Wilson, Haglund & Paulsen | Case No. 1:14cv207-LO-MSN<br><br>**DECLARATION OF A.J. BERRONES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION** |

**DECLARATION OF A.J. BERRONES**

I, A.J. BERRONES, declare the following under penalty of perjury for the laws of the United States of America:

1. I submit this declaration is support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction filed by Bruce H. Haglund and Wilson, Haglund & Paulsen (the "Defendants") in connection with the above-captioned Complaint (the "Complaint").

2. I am a resident of Merced, California, where I have lived continuously since 1987. At no time relevant to the subject matter of the Complaint was I present or doing business in Virginia.

3. A.J. BERRONES AND ASSOCIATES, LLC was a Delaware limited liability company ("Berrones LLC"), organized on August 27, 2009 with an office in Merced, California. At no time relevant to the subject matter of the Complaint did Berrones LLC maintain an office, have employees, employ agents, or conduct business in Virginia.

4. In October 2010, Berrones LLC retained Haglund to prepare an Escrow Agreement for a transaction to be entered into by Berrones LLC and GREEN ENERGY CAPITAL CORP., a Delaware corporation registered as a foreign corporation in Alabama ("Energy").

5. On October 18, 2010, as the manager of Berrones LLC, I signed that certain Escrow Agreement by and among Energy, Berrones LLC, and Haglund as Escrow Agent. A true and correct copy of the Escrow Agreement is attached hereto as Exhibit "A." TERRY HESTER signed the Escrow Agreement in his capacity as President of Energy.

6. At no time was Berrones LLC doing business with AMERICAN INVESTMENTS REAL ESTATE CORPORATION ("AIREC") or ALEXANDER OTIS MATTHEWS (the "Plaintiff").

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 28, 2017

A.J. BERRONES

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing (1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION (CASE NO. 1:14cv207-LO-MSN, was mailed this (2) 28th Day of (3) AUGUST, 2017, to (4) ALEXANDER OTIS MATTHEWS at (5) P.O. BOX 9000, BERLIN FEDERAL PRISON CAMP, BERLIN, NH 03570.

[signature]
(Your Signature)

**Instructions**

YOU must send a copy of every motion, pleading or document to the defendant(s) or counsel for defendant(s). If you do not send a copy to the defendant(s) or counsel for the defendant(s), the court will not be able to consider your document.

You must prepare and submit one certificate of service for EACH motion, pleading, or document you wish to have considered by the court.

Complete each blank as directed:

(1) Describe the document you are submitting to the court and sending to the defendant(s). (Remember: you should attach a Certificate of Service to each motion, pleading, or document you wish to have considered by the court.)

(2) Day of the month that you give the document to officials for mailing to the defendant(s) or counsel for the defendants(s).

(3) Month and year.

(4) Name of person(s) to whom you are sending a copy of the document. If you send it directly to the defendant(s), list each defendant to whom you send a copy. If you send it to counsel for the defendant(s), list only the name(s) of counsel.

(5) Address(es) that copy is being mailed to.

**NOTE:** YOU MUST SIGN THIS FORM. The court will not accept this form without an original signature.