**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, | |
| Plaintiff, | Case No. 1:14cv0207 LO/MSN |
| vs. | |
| ESTRATEGIA INVESTIMENTOS, S.A., *et al.*, | |
| Defendants. | |

**DEFENDANT CENTRUM BERATUNGS- UND BETEILIGUNGEN AG'S
<u>REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Pag**e

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

      A.      Plaintiff Has Failed To Make A *Prima Facie* Case of Personal Jurisdiction ......... 2

      B.      Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted ......... 8

      C.      Plaintiff Has No Right To Proceed In A *Pro Se* Capacity ...................................... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
    293 F.3d 707 (4th Cir. 2002) ............................................................................................... 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 1, 8-9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 555 (2007) ..................................................................................................... 1, 8, 9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
    137 S. Ct. 1773 (2017) .................................................................................................... 3, 8

*Clark v. Remark*,
    1993 WL 134616 (4th Cir. Apr. 29, 1993) ........................................................................ 2

*Consulting Engineers Corp. v. Geometric Ltd.*,
    561 F.3d 273 (4th Cir. 2009) ........................................................................................... 2, 5

*DEB USA, Inc. v. CWGC LA Inc.*,
    2017 WL 581328 (W.D.N.C. Feb. 13, 2017) .................................................................... 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ......................................................................................................... 3, 4

*Guetersloh, In re*,
    326 S.W.3d 737 (Tex. Ct. App. 2010) ............................................................................... 9

*Hanson v. Denckla*,
    357 U.S. 235 (1958) ........................................................................................................ 3, 7

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ........................................................................................................ 3, 7

*United States v. Dotcom, et al.*,
    2012 WL 4788433 (E.D. Va. Oct. 5, 2012) ....................................................................... 7

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) .................................................................................................... 6, 7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ........................................................................................................ 3, 5

**RULES & REGULATIONS**

8 Del. Code Ann. § 275(d) ................................................................................................. 10

Eastern District of Virginia Local Civil Rule 7(K) ............................................................. 4

Federal Rule of Criminal Procedure 4 ................................................................................ 7

Va. Code Ann. § 13.1-752 .............................................................................................. 9, 10

Va. Code Ann. § 16.1-88.03(B) ...................................................................................... 9, 10

**OTHER AUTHORITIES**

Va. Unauthorized Practice Rule 1-101 ................................................................................ 9

Va. Unauthorized Practice Considerations 1-2 .................................................................... 9

Specially-appearing Defendant Centrum Beratungs- und Beteiligungen AG ("Centrum B&B"), by counsel, files this Reply Brief, and in support thereof, states as follows:

## INTRODUCTION

In its Motion To Dismiss, Centrum B&B moved to dismiss Plaintiff Alexander Otis Matthews's action for lack of personal jurisdiction and failure to state a claim.

*First*, in his Opposition, Plaintiff admits that this Court lacks general jurisdiction and specific jurisdiction over Centrum B&B. Instead, he invokes a "stream-of-commerce" metaphor that does not apply in this case and, crucially, is still subject to the same minimum-contacts requirement that Plaintiff has failed to satisfy. Centrum B&B has shown in its Opening Brief that it has had no contact with the Commonwealth of Virginia to warrant this Court's exercise of personal jurisdiction. Plaintiff has not identified any specific factual statements by Centrum B&B with which he disagrees. Nor has he submitted any evidence to substantiate allegations that he makes. In fact, his allegations are directly contradicted by documents that he has previously submitted to this Court. Plaintiff has failed to make a *prima facie* case of personal jurisdiction, and this Court should thus grant Centrum B&B's motion to dismiss.

*Second*, Plaintiff has failed to state a claim upon which relief can be granted. In his Opposition, Plaintiff has withdrawn his negligence claim against Centrum B&B. With respect to his purported breach-of-contract and related claims, he continues to make assertions that have no basis in law and fact. Centrum B&B has never entered into a contract with Plaintiff. Plaintiff's naked assertions without further factual support do not meet the federal pleading standards under *Twombly/Iqbal*, and this Court should thus grant Centrum B&B's motion to dismiss.

*Finally*, as explained in the Opening Brief, Plaintiff has no right to litigate this case *pro se*. Public records show that Plaintiff knowingly has made false representations to this Court that his company is a dissolved Virginia corporation, when it is in fact a Delaware corporation.

# ARGUMENT

### A. Plaintiff Has Failed To Make A *Prima Facie* Case of Personal Jurisdiction

In its Opening Brief with a supporting declaration, Centrum B&B, a Swiss stock corporation with its principal place of business in Zurich, Switzerland, showed that this Court lacks general jurisdiction over Centrum B&B because such broad exercise of jurisdiction is proper only where the foreign defendant can be said to be "at home." Centrum B&B also showed that this Court lacks specific jurisdiction because Centrum B&B has had no contacts with the Commonwealth of Virginia that relate in any way to the subject matter of this lawsuit.

In his Opposition, Plaintiff failed to present any evidence to show that Centrum B&B had sufficient minimum contacts with the Commonwealth of Virginia to warrant this Court's exercise of personal jurisdiction. Thus, Plaintiff has failed to carry his "burden of making a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *Clark v. Remark*, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993) ("The plaintiff . . . must present affidavits or other evidence if the defendant counters plaintiff's allegations with evidence that minimum contacts do not exist."). Thus, Centrum B&B's motion to dismiss should be granted.

Plaintiff admits (at Dkt. 72, ¶ 8) that "personal jurisdiction in the case at bar cannot be found under the general or specific jurisdiction theorem strictly." Instead, he argues that there is "another means of establishing personal jurisdiction over non-resident defendants . . . pursuant to the stream of commerce legal theorem." *Id.* ¶ 3. The "stream of commerce" is not a separate jurisdictional theory. It is subject to the same constitutional Due Process requirement that applies to a court's exercise of personal jurisdiction. As Centrum B&B has already shown – and as Plaintiff admits in his Opposition – this Court lacks general or specific jurisdiction because

Centrum B&B had no minimum contacts with the forum state. Plaintiff's "stream-of-commerce" metaphor does not change that conclusion.

As the Supreme Court has stated in its recent case on personal jurisdiction, courts have recognized only "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). The stream-of-commerce "metaphor" has been invoked in some product-liability cases in which an out-of-state defendant's product has traveled through a chain of distribution before reaching an in-state consumer. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 926 (2011). However, such metaphor does not do away with the "minimum contacts" requirement under the Due Process Clause applicable to all exercise of personal jurisdiction – a plaintiff must show that a defendant had sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). This means that for the "stream-of-commerce" metaphor to work, the foreign defendant must purposefully avail itself of the privilege of conducting activities within the forum state – by delivering the product with an expectation that it will be purchased by a consumer in the forum state. *DEB USA, Inc. v. CWGC LA Inc.*, 2017 WL 581328 (W.D.N.C. Feb. 13, 2017) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Here, the metaphor does not work because Centrum B&B has not placed any product into the stream of commerce, and Plaintiff has failed to show that Centrum B&B purposefully availed itself of the privilege of conducting activities in Virginia.

Plaintiff argues (at Dkt. 72, ¶ 4) that Centrum B&B's "service or product, being its untimely forwarding of the S.W.I.F.T. message, travelled through an extensive chain of distribution before reaching the ultimate consumer, in this case the plaintiff" (internal quotation marks omitted). Centrum B&B has not placed any service or product into any chain of distribution. The alleged service provided by Centrum B&B was relaying a financial message that it received from the sender, a Brazilian bank, to the recipient, a Hungarian bank. *See* Dkt. 5, ¶ 3. Plaintiff and the company that he purports to represent were neither the sender nor the recipient of the financial message. Centrum B&B's service was rendered and completed entirely outside the United States, let alone the Commonwealth of Virginia. No service or product of Centrum B&B "travelled through an extensive chain of distribution before reaching" Plaintiff or his company. *See Goodyear Dunlop Tires Operations*, 564 U.S. at 926.

Plaintiff's jurisdictional theory fails also because he has not shown that Centrum B&B purposely availed itself of the privilege of conducting activities in Virginia. Centrum B&B submitted sworn statements that it has not conducted or solicited any business in the Commonwealth of Virginia. *See* Dkt. 51. In his Opposition, Plaintiff does not dispute any of the factual statements submitted by Centrum B&B. Plaintiff was specifically instructed to identify all facts stated by Centrum B&B with which he disagrees and to set forth his version of the facts by offering affidavits or by filing sworn statements. Dkt. 49 at 1 n. 1; *see* Local Civil Rule 7(K)(3) (requiring *Roseboro* warnings in motions against *pro se* parties). He has not done so.[1]

---

[1] Plaintiff alleges (at Dkt. 72, ¶ 9), with no factual support, that Centrum B&B is "a major world bank." Centrum B&B is not a major world bank but a Swiss bank operating within Switzerland with approximately twenty employees. As relevant to this Court's jurisdictional analysis, Centrum B&B has submitted sworn statements that it has never conducted or solicited business in Virginia and has not derived any revenue from services rendered in Virginia. *See* Dkt. 51 (Declaration of Dr. Johannes Burger).

4

The Court should grant Centrum B&B's motion to dismiss because Plaintiff has failed to make a "*prima facie* showing of a sufficient jurisdictional basis to survive the jurisdiction challenge." *See Consulting Engineers*, 561 F.3d at 276.

In *World-Wide Volkswagen*, a product-liability case brought in Oklahoma, the Supreme Court held that the Oklahoma court lacked personal jurisdiction over foreign defendants because they "carr[ied] on no activity whatsoever in Oklahoma." 444 U.S. at 295. "[F]ortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma" was merely "one, isolated occurrence" and did not constitute sufficient minimum contacts to warrant Oklahoma courts' exercise of personal jurisdiction. *Id.* Similarly, Centrum B&B "carr[ied] on no activity whatsoever in [Virginia]," and the circumstance here that allegedly implicated Plaintiff or his company in the forum state was nothing more than a "fortuitous" and "isolated" occurrence that does not warrant this Court's exercise of personal jurisdiction. *See id.*

Plaintiff argues (at Dkt. 72, ¶¶ 5, 9) that "Centrum B&B agreed to be a party to an international S.W.I.F.T. wire that listed both the plaintiff American Investments Real Estate Corporation (AIREC) and Centrum as parties to the MT-199 message" and "Centrum B&B made a specific and direct effort . . . by transacting with and on behalf of a company based in the forum state." Plaintiff does not, and cannot, provide any evidence to support that. Centrum B&B has never entered into an agreement with AIREC or Plaintiff. Nor has Centrum B&B transacted any business with AIREC or Plaintiff. The only document to which Plaintiff refers (at Dkt. 72, ¶ 10) directly contradicts him. The "MT-199" message appears as an exhibit to an escrow agreement attached to his Complaint, which was an agreement between Green Energy Capital Corp.; A.J. Berrones and Associates, LLC; and Bruce H. Haglund, Esq. *See* Appendix A

5

to Complaint ("Compl."), Dkt. 1, at 9, 17, 18. Centrum B&B appears nowhere in the "MT-199" message or the escrow agreement. Furthermore, in the ultimate message that Centrum B&B allegedly transmitted in Switzerland to the Hungarian bank, Centrum B&B explicitly disclaimed any obligation with respect to the message's content.[2]

Crucially, none of Plaintiff's arguments point to any contact Centrum B&B *itself* created with the forum state. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Plaintiff argues (at Dkt. 72, ¶ 5) that Centrum B&B "knew or reasonably should have known that its services would be utilized in the forum state where AIREC was based out of." Documents that Plaintiff himself has submitted with his Complaint prove otherwise. Centrum B&B was providing a message-forwarding service in Switzerland for a Brazilian bank, the message's sender—not for AIREC. The service was rendered and completed entirely outside Virginia. *See* Dkt. 1, at 17.

*Arguendo*, even if Centrum B&B had known that it was forwarding a message which its sender has allegedly transmitted on behalf of an entity having some relationship with the Commonwealth of Virginia, which it did not and had no reason to know, such knowledge alone would not have warranted this Court's exercise of personal jurisdiction. As the Supreme Court held in *Walden*, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." 134 S. Ct. at 1122. Therefore, in *Walden*, the Court held that a Nevada court lacked jurisdiction over a Georgia officer who allegedly seized cash in the Atlanta airport from passengers that he knew were waiting to fly back home to Nevada. "[N]o part of petitioner's course of conduct occurred in Nevada. Petitioner approached, questioned, and searched respondents, and seized the cash at

---

[2] Dkt. 1, at 24 ("WE HAVE RECEIVED THE FOLLOWING MESSAGE WHICH WE RELAY WITHOUT OBLIGATION AND AUDIT BY CENTRUM BANK (SWITZERLAND) AG").

6

issue, in the Atlanta airport. . . . Petitioner never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada. In short, when viewed through the proper lens—whether the *defendant's* actions connect him to the *forum*—petitioner formed no jurisdictionally relevant contacts with Nevada." *Id.* at 1124. Similarly, here, the very act of which Plaintiff complains – forwarding a financial message from a Brazilian bank to a Hungarian bank – took place entirely in Switzerland. Centrum B&B has submitted evidence, with which Plaintiff does not disagree, that it has had no contacts with the forum state. Any alleged knowledge that the message it was forwarding concerned an entity which had a relationship with Virginia would not speak to Centrum B&B's own contact with Virginia, and would thus not form any "jurisdictionally relevant contacts." *See id.*; *see also Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").[3]

      The jurisdictional rule that Plaintiff asks this Court to adopt would "offend traditional notions of fair play and substantial justice." *See International Shoe Co.*, 326 U.S. at 316. Under Plaintiff's rule, a foreign bank forwarding a financial message completely outside the United

---

[3] Other cases to which Plaintiff cites in his Opposition are of no avail. *See United States v. Dotcom, et al.*, 2012 WL 4788433, at *1 (E.D. Va. Oct. 5, 2012) (O'Grady, J.) (denying motion to dismiss criminal indictment against corporate defendant for lack of in-state address for the purpose of mailing requirement under Fed. R. Crim. P. 4 because government could prove an individual defendant is alter ago of the corporate defendant and serve the individual); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002) (affirming grant of motion to dismiss for lack of personal jurisdiction in a copyright infringement case where the out-of-state internal service provider has directed no activity at any target in Maryland).

States would become automatically subject to the "coercive power" of a binding judgment by any state with which an entity implicated by the message's content had some articulable relationship. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779. Such rule would run afoul of the fundamental principle established by the Supreme Court that "[t]he primary focus of our personal jurisdiction inquiry is the *defendant*'s relationship to the forum State." *Id.* (emphasis added). Plaintiff has shown no relationship that *Centrum B&B itself* created with the forum state. Centrum B&B respectfully requests that this Court grant its motion to dismiss.

### B. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted

In its Opening Brief, Centrum B&B has moved for dismissal for failure to state a claim upon which relief can be granted. *See* Dkt. 50, at 10-13. In his Opposition, Plaintiff has withdrawn his negligence claim against Centrum B&B. *See* Dkt. 72, ¶ 11.

With respect to his purported claims of breach of contract and breach of implied duty of good faith and fair dealing, Plaintiff has failed to cure the deficiencies that Centrum B&B identified with his Complaint. Plaintiff repeats (at Dkt. 72, ¶ 12) his assertion that the "MT-199" message is an agreement to which Centrum B&B is a party. The "MT-199" message is not a contract but merely a financial message between banks. Moreover, as discussed in Part A, *supra*, at 5-6, Centrum B&B appears nowhere in the "MT-199" message or the escrow agreement to which the message is attached – nor is Plaintiff a party to the message or the escrow agreement. *See* Dkt. 1, at 9, 17, 18. Plaintiff's Complaint that offers only "naked assertions" with no "further factual enhancement" does not meet the pleading standards under *Twombly/Iqbal* and should therefore be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]'

8

devoid of 'further factual enhancement.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 557 (2007))).

### C.  Plaintiff Has No Right To Proceed In A *Pro Se* Capacity

As Centrum B&B explained in its Opening Brief, Plaintiff has no right to litigate this case in a *pro se* capacity. *See* Dkt. 50, at 3 n.3. He has stated that he is acting as a trustee in liquidation of AIREC under Va. Code Ann. § 13.1-752 because the corporation's existence has been terminated. Dkt. 5, ¶ 6. The statute upon which he relies applies only to domestic corporations incorporated under the laws of the Commonwealth of Virginia. *See* Va. Code Ann. § 13.1-752. Centrum B&B has explained in the Opening Brief that since Plaintiff is not advocating his individual right but is allegedly acting on behalf of the trust in liquidation, he is necessarily engaging in the unauthorized practice of law.[4]

In his Opposition, Plaintiff argues (at Dkt. 72, ¶¶ 5, 9) that Centrum B&B "has conceded its knowledge of AIREC as a corporation in good standing in the forum state" and "acknowledges [AIREC] to be a Virginia company." Centrum B&B has never done so. It is improper and disingenuous for Plaintiff to make such baseless allegations, especially in view of the public records showing that AIREC is *in fact* a Delaware corporation. *See* Ex. A (certified copies of AIREC's corporate documents filed with the State of Delaware). In his Opposition, Plaintiff continues to represent to this Court (at Dkt. 72, ¶ 13) that he has a right to litigate this case *pro se* on behalf of AIREC under the Virginia statute that only applies to a Virginia corporation whose existence has been terminated, *see* Va. Code Ann. § 13.1-752. Plaintiff's own

---

[4] *See* Va. Unauthorized Practice Considerations 1-2 ("A non-lawyer may represent himself, but not the interest of another, before any tribunal."); Va. Unauthorized Practice Rule 1-101; *In re Guetersloh*, 326 S.W.3d 737, 739-40 (Tex. Ct. App. 2010) (affirming the trial court's prohibiting a non-attorney trustee from appearing pro se); *see also* Va. Code Ann. § 16.1-88.03(B) (requiring corporations to be represented by attorney to litigate claims).

9

name and signature appearing on the documents filed with the State of Delaware, *see* Ex. A, at 4-7, demonstrate that he is knowingly making false representations to this Court. Centrum B&B objects to Plaintiff's right to litigate this case *pro se* because the Virginia law requires any corporation to be represented by attorney to litigate claims, *see* Va. Code Ann. § 16.1-88.03(B), and Section 13.1-752 does not confer Plaintiff any right to represent a Delaware corporation in this case *pro se.*

In two Virginia cases in which Plaintiff claims (at Dkt. 72, ¶ 13) to have been allowed to represent a canceled corporate entity, Plaintiff purported to represent Farmville Group, LLC, a Virginia corporation whose corporate existence was canceled in 2012, *see* Ex. B, at 1, 6 (Compl., *Matthews v. America's Servicing Co.*, Civ. No. 16-2 (Va. Cir. Arlington Cnty. Jan. 4, 2016)), and which filed for bankruptcy in 2013, *see* Ex. C, at 1, 7 (Compl., *Farmville Group, LLC v. Shapiro Brown & Alt, LLP*, Case No. 2013-11270 (Va. Cir. Fairfax Cnty. June 10, 2013)). AIREC is a Delaware corporation, *see* Ex. A, and Plaintiff has not shown that AIREC has filed for bankruptcy or has been dissolved. *Cf.* 8 Del. Code Ann. § 275(d) (requiring a certificate of dissolution to be filed in case of corporate dissolution). Thus, his other cases have no bearing on his right to proceed in this case *pro se*.

## CONCLUSION

For the foregoing reasons, Centrum B&B respectfully requests that this Court dismiss Plaintiff's action against Centrum B&B with prejudice.

Dated: November 6, 2017          Respectfully submitted,

    /s/ *Charles B. Molster, III*
Charles B. Molster, III
Virginia State Bar No. 23613
THE LAW OFFICES OF
  CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Ave., N.W., Suite M
Washington, D.C. 20007
Telephone: (202) 787-1312
cmolster@molsterlaw.com


K. Chris Todd (*pro hac vice*)
Minsuk Han (*pro hac vice)*
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
ctodd@kellogghansen.com
mhan@kellogghansen.com

*Attorneys for Defendant Centrum Beratungs- und Beteiligungen AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants, and I have caused a hard copy to be mailed by first class mail, postage prepaid, to the following:

>Alexander Otis Matthews
>24394-016
>LSCI Allenwood
>P.O. Box 1000
>White Deer, PA 17887

>  /s/ *Charles B. Molster, III*
>Charles B. Molster, III