# EXHIBIT B

FILED by Arlington County Circuit Court
01/04/2016

RECEIVED 2016 JAN -4 AM 8:11
PAUL FERGUSON, CLERK
ARLINGTON CIRCUIT COURT

IN THE ARLINGTON COUNTY CIRCUIT COURT

Alexander Otis Matthews,
trustee in liquidation on behalf
of Farmville Group, LLC
plaintiff, pro se

v.      Civil No. CM14-1046  16-2

America's Servicing Company
Professional Foreclosure Corporation of Virginia
HSBC Bank USA, National Association As Trustee For Nomura Asset
Acceptance Corporation Mortgage

Complaint

Comes Now Alexander Otis Matthews, trustee in liquidation on behalf of Farmville Group LLC, and for this complaint, based on the following:

1. Trustee in Liquidation Alexander Otis Matthews (hereafter Matthews) hereby swears to his statements herein under penalty of perjury, pursuant to 28 USC 1746.

2. Farmville Group LLC is a Virginia limited liability corporation whose corporate existence was automatically cancelled by the Commonwealth on June 30, 2012 for nonpayment of fees under Va Code Ann. 13.1-1064.  see Exhibit 1.

3. Under Va Code Ann. 13.1-1064(B)(3), when a Virginia LLC has its existence cancelled by the Commonwealth the property and affairs of the LLC automatically pass to its managers as trustees in liquidation. Under Va. Code Ann. 13.1-1048(B) those liquidating trustees are then empowered to prosecute and defend suits in the name of and on behalf of the cancelled limited liability company. see Gen. Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114,119 (4th Cir. 2004).

4. Alexander Otis Matthews is the sole member and manager of Farmville Group, LLC (hereafter Farmville) and thus on June 30, 2012 the property and affairs of Farmville were automatically passed to him as its trustee in liquidation.

5. In Virginia corporations in good standing must be represented by counsel, but once an LLC is terminated and its affairs passed to its trustee in liquidation, the trustee can appear on behalf of the LLC without an attorney in his or her capacity as trustee, the LLC no longer existent and thus not requiring an attorney where it doesn't make an appearance in the suit but is the object of the suit. see Spain v. Williams, 2011 Bankr. LEXIS 1866 ( Bankr. E.D.Va., May 19, 2011)(Case No 09-36121-KRH), the court holding that in relation to the terminated LLC Treadegar, "[T]readegar is styled in the Caption of this adversary proceeding as one of the two plaintiffs, but it is more appropriately recast as a mere stakeholder and the object of the litigation. Treadegar is not independently represented and its legal existence has been cancelled by operation of law by the Virginia State Corporation Commission for failure to pay its annual registration fee. Va. Code Ann. 13.1-1064 (2010)".

6. On May 14, 2014, Matthews originally filed suit against the defendants in court, the suit being subsequently removed to federal court by the defendants on the basis of the suits federal claims in Fairfax Circuit Case CL-2014-7180. The federal court then dismissed the suit on 7/25/2014, holding that "Matthews, therefore,

-1-


CL16000002-00
CNTR
cntr

**Ex. B, Pg. 1 of 14**

is wrong when he argues that the language in 1048(c) gives him the power to prosecute this suit on behalf of Farmville in his personal capacity. As a trustee in liquidation, he would have to file any action explicitly on behalf of Farmville, which he has not done." In this instant suit filed by Matthews on behalf of Farmville, Matthews only asserts injuries to Farmville, not injuries to himself as he did in the dismissed suit.

7. In light of the federal court's holding and admonishment that Matthews must explicitly state he is filing behalf of Farmville, Matthews now brings this suit where he explicitly files this suit in his capacity as trustee in liquidation, on behalf of Farmville whose corporate existence terminated on June 30, 2012. As Farmville's trustee in liquidation Matthews has the powers pursuant to 13.1-1064(B)(3) to file this suit's claims on behalf of injuries for violations to Farmville's rights under the common law of Virginia. Matthews only alleges in this suit violations to Farmville's rights under the common law of Virginia, no federal claims are alleged in this instant suit.

8. Matthews is a Virginia resident, and Farmville is a Virginia Corporation.

9. Defendant America's Servicing Corporation ( hereafter ASC) is a foreign corporation in the business of debt collecting and mortgage loan servicing, licensed and authorized to conduct its operations in the Commonwealth of Virginia.

10. Defendant HSBC Bank USA, National Association ( hereafter HSBC) is a foreign corporation in the business of mortgage lending and origination, licensed and authorized to do its business operations in the Commonwealth of Virginia.

11. Defendant Professional Foreclosure Corporation of Virginia ( hereafter PFC) is a Virginia Corporation in the business of conducting foreclosures and providing services to lender as substitute trustee, who acted as substitute trustee in the foreclosure sale at the center of the allegations in the instant complaint.

11. The events described in the complaint all occurred in the County of Fairfax, Virginia, between February 1st and February 28th, 2014.

12. Farmville Group was the owner of a residential property in Fairfax County known as 8018 Railroad Street, Dunn Loring, Virginia 22027 ( hereafter Railroad). HSBC was the mortgage lender holding the first trust lien on the property, ASC acted as HSBC's servicer and debt collector in regards to the property, and PFC was appointed substitute trustee when HSBC acted to accelerate the payments due to a delinquency and to enforce HSBC's deed of trust.

13. On January 28, 2013, PFC mailed the foreclosure notice shown here as Exhibit 2, advertising the home to be sold as sheriff's sale on February 19th, 2013 to be held on the steps of the Fairfax County Courthouse.

14. Matthews filed for bankruptcy protection for Farmville on February 7th, 2013, and sent notice to PFC in writing through PFC's Agent Shapiro Brown & Alt, LLP (Hereafter Shapiro) on 2/13/13, as shown by Exhibit 3 and 4 to this suit.

15. PFC informed HSBC and ASC of Farmville's bankruptcy filing, as shown by ASC's letter in Exhibit 5 in which ASC references their knowledge of Farmville's bankruptcy filing and states that " this letter is in no way an attempt to collect a debt or in any way violate any provision of the United States Bankruptcy Code."

15. Matthews also had his wife twice call and leave a message for Shapiro informing them of Farmville's bankruptcy filing, that dell requesting the sale be cancelled in light of the bankruptcy filing, and also had his wife fax a copy of the letter

-2-

shown in Exhibit 3 and 4, the successful confirmation of both faxes also shown here in Exhibit 3 and 4.

16. Despite all of aforegoing notice provided to the defendants by Farmville, and ASC's written confirmation acknowledging the bankruptcy filing and stating its recognized duty not to violate the law in regards to that duty, ASC, HSBC, and PFC all violated that duty of care to not foreclose when they negligently still allowed Shapiro to proceed with the sheriff's sale in February 19, 2013. The defendants' collective negligence injured Farmville by unlawfully depriving Farmville of its valuable residential property contrary to law and their self-acknowledged duties owed to Farmville as Railroad's owner. Exhibit 6 is a letter to Farmville from the defendants acknowledging Farmville's ownership of Railroad and giving Farmville notice of the February 19, 2013 sale, that letter proof of the defendants' knowledge of the duty owed to Farmville as owner not to foreclose in violation of the law. Exhibit 5 shows that Shapiro communicated the bankruptcy filing to both ASC and HSBC, ASC as servicer sending the notice on behalf of lender HSBC, and also to PFC, which Shapiro was acting on behalf of pursuant to a June 2, 2011 Appointment of Substitute Trustee filing in Fairfax Courthouse.

17. All three defendants injured Farmville by negligently proceeding with the acceleration of the deed of trust and enforcing the deed of trust through foreclosing, ignoring the automatic stay that they all had knowledge of and they all acknowledged a written duty not to violate.

18. On May 15th, 2013, after Matthews had vigorously challenged the defendant's conduct in violation of Virginia law, ASC sent the letter shown as Exhibit 7 which acknowledged they had rescinded the sale in light of Farmville's filing of bankruptcy case 13-12458 filed in the New Jersey Bankruptcy Court, that case being transferred sua sponte by the court to the E.D.VA /Alexandria US Bankruptcy Court in Case No. 13-11635-RGM. The letter in Exhibit 7 was addressed to borrower Sean Andrews, who remained on the loan as mortgagee, with Farmville being the title owner of record to the property.

19. After having to rescind the February 19, 2013 sale the defendants would seemingly take care not to again violate Farmville's rights in regards to Railroad. Despite this, on June 6, 2013 the defendants again begin accelerating, advertising, and foreclosure proceedings against Railroad again, as shown by the letter to Farmville shown here as Exhibit 8.

20. Shapiro's letter to Farmville as shown in Exhibit 8 giving Farmville notice of a sheriff's sale to be held on July 2, 2013 was an act of debt collection under the Fair Debt Collection Practices Act (hereafter FDCPA). see Peeples v. Blatt, 2001 US Dist LEXIS 11869, 2001 WL 921731 (7th Cir 2003), where that court made clear that a lender's enforcement of its security interest is "debt collection" within the meaning of the FDCPA. Shapiro's notice to Farmville in Exhibit 8 is proof that it considered Farmville as an entity "obligated to allegedly obligated" to pay the debt, which made Farmville a consumer within the meaning of the FDCPA. As owner of record it is more than reasonable for Shapiro to have considered Farmville as owner to have some obligation to pay the debt for an asset it owned.

21. Under the FDCPA a debt collector has certain specified actions he or she must take. In Blick v. Wells Fargo Bank, N.A., US Dist LEXIS 41266 (4th Cir 2012), that court made clear that " a trustee acting in connection with a foreclosure can be a debt collector under the FDCPA." We have already established that Shapiro's

-3-

letter to Farmville in Exhibit 8 qualifies as debt collection where it was an attempt to enforce HSBC's security interest in Railroad, and Shapiro's reasonable expectation of Farmville as title owner to be obligated or at least allegedly obligated to pay the debt qualifies Farmville as a consumer within the meaning of the FDCPA. The aforementioned Blick v. Wells Fargo Bank ,N.A. case from the Fourth Circuit establishes PFC as a debt collector, where it was trustee in the foreclosure proceeding against Railroad.

22. As the debt collector, PFC had a duty under the FDCPA to " [W]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing :

a. the amount of the debt;
b. the name of the creditor to whom the debt is owed;
c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
d. a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
e. a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and the address of the original creditor, if different from the current creditor.

23. After rescinding the illegal sale held on February 19, 2013, PFC as debt collector owed both Farmvville and borrower Sean Andrews a duty to provide what was called for under the FDCPA to provide proper and adequate legal notice in its debt collection procedures. However, PFC failed to provide any of the foregoing to Farmville prior to the second 7/2/2013 sale, violating a clear duty owed to Farmville and not coming near to providing information required by law in connection with the debt it sent Farmville notice of on June 6, 2013. PFC's wholesale failure to provide the notice required above constitutes negligence under the common law of Virginia, where that duty owed Farmville pursuant to the FDCPA was breached.

24. Under Virginia common law, negligence is " a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." Blue Ridge Serv. Corp. of Virginia v. Saxon Shoes, 271 Va. 206, 218, 624 S.E. 2d 55, 62 (2006). The plaintiff has established the legal duty owed to him to not foreclose in violation of the stay for first sale on February 19, 2013, and the duty to provide proper notice during debt collection for the July 2, 2013 sale, both duties broached by the defendants, thereby injuring Farmville by twice depriving Farmville of its asset contrary to the duties owed to Farmville under law.

25. As trustee in liquidation Matthews brings this suit on behalf of Farmville to recover from the defendants for their negligent conduct in violation of Virginia common law; Matthews in this suit asserts no violations of federal law or of constitutional law, he only asserts violations which constitute negligence where the defendants broached duties owed to Farmville in relation to federal law, namely negligence in violating a federal stay and in failing to comply with the notice requirements of the FDCPA while debt collecting against Railroad, both violations under the common law of Virginia .

-4-

Recovery

26. The defendants' conduct as described in paragraphs 1-25 constitute negligence under the common law of Virginia. All three defendants owed Farmville a duty under law to not foreclose in violation of a automatic stay, and a further duty under Virginia state laws to not violate the state's applicable laws, statutes, and regulations regulating the conduct of lenders, debt collectors, and loan servicers. As a law firm PFC owed Farmville a duty of care under ABA and Virginia attorney ethical rules to follow and adhere to all applicable state and ethical laws when enforcing a lender's security interests when acting as the lender's trustee. PFC, in its capacity as a law firm acting as substitute trustee for Edward R. Parker, owed Farmville a duty of care to conduct its debt collection activities in compliance with all applicable state and federal laws, and it violated that duty when it failed to comply with the notice requirements of the FDCPA as described herein. The defendants' collective breach of the duty owed to Farmville under law served to injure Farmville grievously in twice depriving Farmville of its asset unlawfully.

Relief

Trustee in Liquidation Matthews requests the following relief on behalf of Farmville:

1. 3 Million USD against defendant PFC

2. 2 Million USD against defendant ASC

3. 2 Million against defendant HSBC

The plaintiff hereby swears to and is responsible for the truth of the facts in this petition, and to the truth of his statements, under penalty of perjury. Any false statement contained herein, if the same be knowingly or willfully made, shall be grounds for prosecution and conviction as provided for in 18.2-434 Va. Code Ann. 8.01-655.

Respectfully,

Date: 6/23/15

Alexander Otis Matthews
24394-016
Berlin Federal Prison Camp
PO BOX 9000
Berlin, NH 03570

Denise Kluskin
Notary
6/23/15

-5-

EXHIBIT 1



# COMMONWEALTH OF VIRGINIA

MARK C. CHRISTIE
COMMISSIONER

JAMES C. DIMITRI
COMMISSIONER

JUDITH WILLIAMS JAGDMANN
COMMISSIONER

JOEL H. PECK
CLERK OF THE COMMISSION
P.O. BOX 1197
RICHMOND, VIRGINIA 23218-1197

STATE CORPORATION COMMISSION
Office of the Clerk

December 10, 2013

ALEXANDER MATTHEWS
24394-016 BERLIN FEDERAL PRISON CAMP
PO BOX 9000
BERLIN, NH 03570

RE:  FARMVILLE GROUP, LLC
ID:  S182426 - 9

A limited liability company whose existence has been canceled may apply to the State Corporation Commission for reinstatement within 5 years after cancellation pursuant to Section 13.1-1050.4 of the Code of Virginia. In order to have its existence reinstated, the limited liability company must provide the Commission with the following:

1. An application for reinstatement signed by a manager or member of the limited liability company, which may be in the form of a letter. A pre-printed application for reinstatement is enclosed for your convenience.

2. A check or money order payable to the State Corporation Commission in the amount of $300.00 to cover the following:

   Reinstatement fee:  $100.00

   Registration fee(s) and penalties (if applicable): $200.00

   for the following year(s):  2012 2013 2014

If the registered agent and/or registered office address has changed, complete and return the enclosed form LLC-1016.

Finally, if the limited liability company has changed the address of its principal office (which is defined as the office where its principal executive offices are located) complete and return the enclosed form LLC-1018.1.

DATE OF CANCELLATION: June 30, 2012

Return the required documents and payments, along with a copy of this letter, to the Commission at the address shown on the enclosed envelope (marked "Attn: Reinstatement") to ensure correct document processing.

Thank you for contacting our office. If you have any questions, please call (804) 371-9733 or toll-free in Virginia, (866) 722-2551.

LLRESTAT
CIS0372

Tyler Building, 1300 East Main Street, Richmond, VA 23219-3630
Clerk's Office (804) 371-9733 or TOLL-FREE IN VIRGINIA 1-866-722-2551 www.scc.virginia.gov/clk
Visit https://sccefile.scc.virginia.gov to view online services
Telecommunications Device for the Deaf-TDD/Voice: (804) 371-9206

EXHIBIT 2

Law Offices of

# Shapiro Brown & Alt, LLP

February 4, 2013

FARMVILLE GROUP, LLC
8018 Railroad Street
Dunn Loring, VA 22027

RE: 8018 Railroad Street, Dunn Loring, VA 22027
SB&A No. 11-217303V

### NOTICE OF SUBSTITUTE TRUSTEE'S FORECLOSURE SALE PURSUANT TO VIRGINIA CODE § 55-59.1(A) AND DEED OF TRUST

Dear Sir/Madam:

On behalf of the substitute trustee, Professional Foreclosure Corporation of Virginia, in accordance with Virginia Code § 55-59.1(A) and the terms of the referenced deed of trust, you are hereby notified that a foreclosure sale of the above mentioned property will occur on February 19, 2013 at 3:15 PM at on the courthouse steps at the front of the Circuit Court building for the County of Fairfax located at 4110 Chain Bridge Road, Fairfax, Virginia. Attached is a notice containing the same information as the advertisement of sale and a copy of the substitution of trustee instrument.

Sincerely,

Shapiro Brown & Alt, LLP on behalf of
Professional Foreclosure Corporation
of Virginia, Substitute Trustee

Enclosure(s)

236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462
(757) 687-8777 (847) 493-7297 (Facsimile)
This is a communication from a Debt Collector.

**Ex. B, Pg. 7 of 14**

Law Offices of
**Shapiro Brown & Alt, LLP**

EXHIBIT 3

January 28, 2013

Cathy Andrews
8018 Railroad Street
Dunn Loring, VA 22027

RE: 8018 Railroad Street, Dunn Loring, VA 22027
SB&A No. 11-217303V

**NOTICE OF SUBSTITUTE TRUSTEE'S FORECLOSURE SALE PURSUANT TO VIRGINIA CODE § 55-59.1(A) AND DEED OF TRUST**

Dear Sir/Madam:

On behalf of the substitute trustee, Professional Foreclosure Corporation of Virginia, in accordance with Virginia Code § 55-59.1(A) and the terms of the referenced deed of trust, you are hereby notified that a foreclosure sale of the above mentioned property will occur on February 19, 2013 at 3:15 PM at on the courthouse steps at the front of the Circuit Court building for the County of Fairfax located at 4110 Chain Bridge Road, Fairfax, Virginia. Attached is a notice containing the same information as the advertisement of sale and a copy of the substitution of trustees instrument.

Sincerely,

Shapiro Brown & Alt, LLP on behalf of
Professional Foreclosure Corporation
of Virginia, Substitute Trustee

Enclosure(s)

236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462
(757) 687-8777 (847) 593-7297 (Facsimile)
This is a communication from a Debt Collector.

---

Farmville Group, LLC
8018 Railroad Street
Dunn Loring, Virginia 22027

2/13/2013

ASC Loan Number - 1256012281, SB & A No-11-217303V

Re: Cancellation of Sale due to Company Filing Bankruptcy

Dear Shapiro Brown & Alt, LLP;

Farmville Group LLC filed for bankruptcy protection this week, the case number is 13-12638. Please cancel the sale set for February 19th, 2013, at 3:15 pm at the Fairfax Courthouse. Thank you very much, we can be reached at 571-436-9742 for any question.

Respectfully,

Alexander Matthews

---

EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.: 13-12638-MBK
Chapter: 11
Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Farmville Group, LLC
c/o Alexander Matthews
Reg no 24394-016, Unit 5803
FCI Fort Dix-West
Fort Dix, NJ 08640

Social Security No.:

Employer's Tax I.D. No.:

**NOTICE OF MISSING DOCUMENTS AND NOTICE OF DISMISSAL IF DOCUMENTS ARE NOT TIMELY FILED**

1. Notice is hereby given that the following documents must be filed within 14 days from the date the bankruptcy petition was filed:

Attorney Representation is Required for a Chapter 11 Petition, Attorney Disclosure Statement, 20 Largest Unsecured Creditors, List of Equity Security Holders, Tax ID Number, Statement of Financial Affairs, Summary of Schedules, Corporate Resolution, Balance Sheet, Cash Flow Statement, Statement of Operations, Tax Returns, and Schedules A,B,D,E,F,G,H.

2. This case will be dismissed on February 21, 2013, unless the missing documents are received on or before that date by the Clerk of the Court at:

U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 08608

If you object to dismissal of the case, you may submit a written request for a hearing setting forth the reasons why dismissal would not be proper. Such request must be received by the Clerk of the Court on or before February 21, 2013.

THIS IS THE ONLY NOTICE YOU WILL RECEIVE. If you fail to timely comply with the requirements set forth above, this case will be dismissed.

Dated: February 7, 2013
JJW: mnf

James J. Waldron
Clerk

---

TRANSMISSION VERIFICATION REPORT

TIME : 02/15/2013 09:41
NAME :
FAX :
TEL :
SER.# : H8J684584

DATE, TIME            02/15 09:41
FAX NO./NAME          18474937297
DURATION              00:08:25
PAGE(S)               07
RESULT                OK
MODE                  STANDARD
                      ECM

---

TRANSMISSION VERIFICATION REPORT

TIME : 02/15/2013 09:46
NAME :
FAX :
TEL :
SER.# : H8J684584

DATE, TIME            02/15 09:46
FAX NO./NAME          18474937297
DURATION              00:00:22
PAGE(S)               02
RESULT                OK
MODE                  STANDARD
                      ECM

AMERICA'S SERVICING CO.
RETURN MAIL OPERATIONS
PO BOX 10388
DES MOINES IA 50306-0388

EXHIBIT 5



02/12/13

1AB   00422/012377/000867 0045  2 ACPYMABK003 108
SEAN ANDREWS
CATHY ANDREWS
8018 RAILROAD ST
DUNN LORING, VA 22027-1111

**Account Information**

| | |
|---|---|
| Online: | mortgageaccountonline.com |
| Fax: | (866) 453-8319 |
| Telephone: | (800) 842-7654 |
| Correspondence: | PO Box 10328 |
| | Des Moines, IA 50306 |
| Hours of Operation: | Mon - Fri 8am-9pm In Your Time Zone |
| Loan Number: | 1256012281 |
| Property Address: | 8018 Railroad St |
| | Dunn Loring VA 22027 |

Subject: Your foreclosure sale date has been scheduled

Dear Sean Andrews & Cathy Andrews:

I am writing to provide you with important and time-sensitive information about the mortgage noted above. As the borrower, you are receiving this letter to keep you informed of your foreclosure situation.

As a reminder, the foreclosure sale of your mortgaged property has been scheduled for 02/19/13. As of the date of this letter, we have not heard from you or received the necessary documentation required to determine your eligibility for mortgage assistance. Unfortunately at this point, there is not enough time to review your loan for mortgage assistance options and make a decision prior to the scheduled foreclosure sale date.

Please note: As a result of your bankruptcy case, this letter is not an attempt to collect a debt from you or in any way violate any provision of the United States Bankruptcy Code. This letter has been sent to you for informational purposes only. This is not a bill or a request for payment, or a statement that you are personally obligated in any way to make a payment.

Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

If you have questions about the information in this letter, please call me. I can be reached at the phone number below.

Sincerely,

*Brandon Hart*

Brandon Hart
Home Preservation Specialist
America's Servicing Company




BK003 108
8123777000867 ACPYMA B L-LET-UN-0904

EXHIBIT 6

Law Offices of
# Shapiro Brown & Alt, LLP

February 4, 2013

FARMVILLE GROUP, LLC
8018 Railroad Street
Dunn Loring, VA 22027

RE:   8018 Railroad Street, Dunn Loring, VA 22027
      SB&A No. 11-217303V

### NOTICE OF SUBSTITUTE TRUSTEE'S FORECLOSURE SALE PURSUANT TO VIRGINIA CODE § 55-59.1(A) AND DEED OF TRUST

Dear Sir/Madam:

On behalf of the substitute trustee, Professional Foreclosure Corporation of Virginia, in accordance with Virginia Code § 55-59.1(A) and the terms of the referenced deed of trust, you are hereby notified that a foreclosure sale of the above mentioned property will occur on February 19, 2013 at 3:15 PM at on the courthouse steps at the front of the Circuit Court building for the County of Fairfax located at 4110 Chain Bridge Road, Fairfax, Virginia. Attached is a notice containing the same information as the advertisement of sale and a copy of the substitution of trustee instrument.

Sincerely,

Shapiro Brown & Alt, LLP on behalf of
Professional Foreclosure Corporation
of Virginia, Substitute Trustee

Enclosure(s)

236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462
(757) 687-0777   (847) 493-7297 (Facsimile)
This is a communication from a Debt Collector.



EXHIBIT 7

PO Box 10328
Des Moines, IA 50306-0328

May 15, 2013

Sean Andrews
Cathy Andrews
8018 Railroad St
Dunn Loring, VA 22027

Dear Sean Andrews and Cathy Andrews:

RE: Loan Number 106-1256012281

Thank you for contacting America's Servicing Company (ASC) regarding your mortgage loan. I have reviewed your correspondence dated April 05, 2013 and would like to provide you with the details of my research.

ASC has received your request to rescind the foreclosure sale that occurred on February 19, 2013. Our records reflect that due to the delinquency status of the loan, foreclosure proceedings were initiated on March 28, 2011. The foreclosure sale has been rescinded on April 22, 2013 due to filing of bankruptcy case number 13-12458 by Farmville Group LLC on February 07, 2013.

If you have additional questions, please call our Collections Department at 1-800-662-3806. A representative will be able to assist you Monday - Friday between the hours of 7:00 a.m. and 10:00 p.m., and on Saturday from 8:00 a.m. to 2:00 p.m., Central Time.

Sincerely,

*Kendra Pearson*

Kendra Pearson
Written Correspondence

If you have received a discharge and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights against the property and are not attempting any act to collect the discharged debt from you personally.

WC403/nkg

EXHIBIT 8

Law Offices of
# Shapiro Brown & Alt, LLP

June 6, 2013

FARMVILLE GROUP, LLC
8018 Railroad Street
Dunn Loring, VA 22027

RE: 8018 Railroad Street, Dunn Loring, VA 22027 3511902
SB&A No. 11-217303V

## NOTICE OF SUBSTITUTE TRUSTEE'S FORECLOSURE SALE PURSUANT TO VIRGINIA CODE § 55-59.1(A) AND DEED OF TRUST

Dear Sir/Madam:

On behalf of the substitute trustee, Professional Foreclosure Corporation of Virginia, in accordance with Virginia Code § 55-59.1(A) and the terms of the referenced deed of trust, you are hereby notified that a foreclosure sale of the above mentioned property will occur on July 2, 2013 at 3:15 PM at on the courthouse steps at the front of the Circuit Court building for the County of Fairfax located at 4110 Chain Bridge Road, Fairfax, Virginia. Attached is a notice containing the same information as the advertisement of sale and a copy of the substitution of trustee instrument.

Sincerely,

Shapiro Brown & Alt, LLP on behalf of
Professional Foreclosure Corporation
of Virginia, Substitute Trustee

Enclosure(s)



236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462
(757) 687-0777 (847) 493-7297 (Facsimile)
This is a communication from a Debt Collector.

IN THE ARLINGTON COUNTY CIRCUIT COURT

Alexander Otis Matthews
trustee in liquidation on behalf
of Farmville Group LLC
plaintiff, pro se

v.     Civil No. CM14-1046

America's Servicing Company, et al
defendants

Supplement To Complaint

Alexander Otis Matthews, trustee in liquidation proceeding pro se, hereby respectfully files this supplement to the above referenced complaint, which says:

1. In his initial complaint the plaintiff cited case law which provided the necessary predicates to state a claim for negligence in Virginia, which is that a plaintiff must demonstrate a " legal duty on the part of the defendant, breach of that duty, and a showing that the breach was the proximate cause of injury, resulting in damage." Blue Ridge Serv. Corp. v. Saxon Shoes, Inc., 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006). Under Virginia law a plaintiff must also show that the duty tortiously or negligently breached is a common law duty, not one existing between the parties solely by virtue of a contract. Foreign Mission Board v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148, 8 Va. Law Rep. 1000 (1991).

2. In his initial complaint the plaintiff referenced the defendant's negligence in relation to the " state's applicable laws, statutes, and regulations regulating the conduct of lenders, debt collectors, and loan servicers" , and in relation to the Fair Debt Collection Practices Act (FDCPA) and a federal bankruptcy stay, but didn't specifically state the common law duty the defendants owed the plaintiff. The plaintiff will therefore specifically allege the common law duties under Virginia law violated by the defendants by their actions and omissions in the complaint. First of all the defendants are all lawyers and other professionals in the mortgage lending and loan service industry, and it is well settled that Virginia law imposes a common law duty to exercise an ordinary and reasonable "duty of care on all professionals, including all insurance professionals. Common law imposes the duty of care regardless of whether the malpractice involves an ERISA plan or a run-of-the-mill automobile insurance policy." Coyne & Delany Co., v. Selman, 98 F.3d 1457 (4th Cir Ct App 1995). Virginia Courts have consistently recognized the common law duty of care for professionals to exercise ordinary and reasonable care in their duties, wholly apart from their contractual duties. see Cincinatti Ins. Co. v. Ruch, 940 F.Supp.2d 338 (4th Cir 2013); see also Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp, 249 Va. 426, 432, 475 S.E.2d 28, 32 (1995): see also Oleyar v. Kerr, 217 Va. 88, 90 225 S.E.2d 398, 399-400 (1976). Speaking of the centrality under Virginia law of the common law duty to ensure the safety of another's person or property, the Virginia Supreme Court held that " there can be no actionable negligence where there is no breach of a duty to take care for the safety of the person or property of another." Blake Constr. Co. Inc v. Alley, 233 Va. 31, 34-35 (1987).

-1-

Ex. B, Pg. 13 of 14

3. Virginia also recognizes a common law duty that "anyone who does an affirmative act is under a duty of care to others to exercise the care of a reasonable man." Dalldorf v. Higgerson Buchanan, Inc., 402 F.2d 419, 422 (4th Cir 1968). With the common law duties imposed on the defendants under Virginia law in mind, it is clear that by their herein described actions and omissions in failing to abide by their own regulations and requirements of notice and procedure regarding foreclosure actions, as well as ignoring their own communications, they failed to exercise the ordinary and reasonable care a person in their capacity would. The defendants all had clear notice that the property was under a stay which fully precluded any enforcement action, and they had full knowledge of the due process reqiurements of notice under Virginia law and federal law that must be adhered to in collecting debts, yet they failed to exercise the ordinary care that a person would in regards to their duty, injuring Farmville by taking its asset in violation of the law and procedures governing such actions.

The plaintiff hereby swears to and is responsible for the truth of the facts in this petition, and to the truth of his statements, under penalty of perjury. Any false statement contained herein, if the same be knowingly or willfully made, shall be grounds for prosecution and conviction as provided for in 18.2-434 Va. Code Ann. 8.01-655.

Respectfully,

Date: 6/23/15

Alexander Otis Matthews
24394-016
Berlin Federal Prison Camp
PO BOX 9000
Berlin, NH 03570

Denise Kuskie
Notary
6/23/15

-2-