# EXHIBIT C

FILED

JUL 10 2013

JOHN T. FREY
Clerk of the Circuit Court
Fairfax County, VA

Fairfax County Circuit Court/
Farmville Group.LLC
movant/plaintiff

2013 - 11270

v.                              Case No _____

Shapiro Brown & Alt, LLP
defendant                              /

Complaint And Affidavit In Support Of Motion For Order To
Show Cause And Preliminary Injunction

1. I, Alexander Otis Matthews, hereby swear to the statements made
   in this affidavit, under penalty of perjury and pursuant to
   28 U.S.C 1746.

2. On February 7th, 2013, a bankruptcy petition prepared by me for
   Farmville Group, LLC,was filed in US Bankruptcy Court, District
   of New Jersey, Trenton.

3. Farmville Group, LLC, is the owner of record for 8018 Railroad
   Street, Dunn Loring, Virginia 22027, in Fairfax County Virginia.

4. The property was deeded into the name of Farmville Group,LLC
   more than 6 years  ago by Sean and Cathy Andrews, who are still
   the borrowers on the mortgage though they are no longer the
   owners.

5. A foreclosure sale was scheduled by the substitute trustee, Shapiro
   Brown &Alt,LLP, to be held February 19th,2013 at 3:15 pm.

6. The legal notice sent by the substitute trustee , the only one
   they ever sent, did not name or notice the legal owner Farmville
   Group, LLC, making it defective; it only noticed Cathy Andrews
   (see attachment one).

7. After filing bankruptcy, notice was sent by US Mail and by
   fax, as well as by phone, that Farmville Group;LLC was under
   Federal Bankruptcy protection and directing the sale to be
   cancelled ( see attachment two).

8. The lender that the substitute trustee was acting on behalf
   of, Wells Fargo, had their servicing company ASC send by mail
   a confirmation of the bankruptcy and a recognition that they
   accordingly could not attempt to collect the debt owed against
   the home due to the bankruptcy.

9. Shapiro Brown & Alt, LLP failed to cancel/postpone the sale
   in spite of their obvious knowledge as they had even informed
   their client Wells Fargo/ASC,as evidenced by the legal notice
   to the property referencing the bankruptcy filing.

10. Shapiro Brown & Alt, LLP, ran afoul of the law when they failed
    to cancel the sale when informed that Farmville Group,LLC was
    under Bankruptcy protection.

-1-

**Ex. C, Pg. 1 of 12**

11. Alexander Otis Matthews mailed a copy of Attachment Two to Shapiro Brown & Alt, LLP on Monday February 11th, 2013, and he dated that letter for February 13th since it normally takes 3 days for first class mail to reach Virginia when mailed from New Jersey.

12. Kawthar Fathi, Alexander Otis Matthews' wife, called and left voice mail messages twice for the bankruptcy department at Shapiro Brown & Alt advising them of the bankruptcy filing and asking that the sale be cancelled in light of that filing. She was forced to leave messages as it is nearly impossible to get a live person to pick up when trying to reach Shapiro Brown & Alt, LLP.

13. Alexander Otis Matthews received notice that the petition had been filed on Monday, February 11th, 2013 in the mail, that notice coming from US Bankruptcy Court Clerk James Waldron ( see Attachment Three). That notice gave until February 21st, 2013 to cure the deficiencies or face having the case dismissed.

14. The receipt of mail here at Fort Dix is at times very irregular, and somehow on February 22nd, 2013, Alexander Otis Matthews recived mail from the court dated February 8th, 2013 stating that a hearing was being held on February 19th, 2013 regarding the appearance of counsel in the case. This may have been an oversight by the Bankruptcy Court since they have already allowed until February 21st, 2013 to cure the deficiencies, or it may have been due to the mailroom at Fort Dix, but nevertheless it was a violation of due process at it gave two conflicting dates to resolve the deficiencies ( see Attachment Four showing the second notice).

15. On February 25th, 2013, Alexander Otis Matthews called his wife Kawthar Fathi and she informed him that Shapiro Brown & Alt,LLP had apparently ignored the bankruptcy filing and foreclosed on the home because a realtor came to the house that day and told Mrs Fathi the home was sold back to the bank and all the occupants were being evicted.

16. Alexander Otis Matthews called the Bankruptcy Court on Tuesday February 26th, 2013, and was told the bankruptcy had not been dismissed on February 19th, 2013 and that Farmville Group,LLC was still under bankruptcy protection through February 19th, 2013.

17. Not only was Farmville Group ,LLC under bankruptcy protection at the time Shapiro Brown & Alt, LLP conducted the sale, they had a legal obligation to cancel the sale when they received notice the previous week that Farmville Group LLC was under federal bankruptcy protection; with great impunity Shapiro Brown & Alt,LLP ignored both obligations and illegally proceeded with the foreclosure sale. Shapiro Brown & Alt LLP ignored federal law when they conducted the sale , and they violated Virginia law when they conducted the sale without notiding the owner of record Farmville Group, LLC on the foreclosure notice.

18. Alexander Otis Matthews wife and young children live in the

-2-

property at issue here, and Farmville Group LLC and Mr. Matthews' family will suffer irreparable harm if this illegal sale is allowed to proceed.

19. This injunction should be granted as it is clear Farmville Group LLC will succeed on the merits , it will cause great harm to Farmville Group LLC and Mr. Matthews's family if this illegal sale goes uncorrected, and it is in the public interest that this injunction be granted and that this sale be corrected in light of the billions US banks have already agreed to pay for foreclosure violations and still haven't paid (see Attachment Five). As this matter makes clear, US banks are still doing business as usual in ignoring the rules and ignoring protections afforded people in hardship trying to save their homes and protect their families.

20. In light of the violations described herein ,the movant ask the court to ask the lender Wells Fargo to include Farmville Group LLC on the list to be considered for compensation from foreclosure violations, as it now appears that the OCC has directed US banks to pay directly rather than being governed by 3rd party monitors.

21. For the reasons set forth in this complaint and affidavit, the movant asks the court to grant the preliminary injunction , and asks the court to grant the plaintiff's motion.

22. For the violations described herein by Shapiro Brown & Alt, LLP, and for the violations of the movants' rights and property,as well as the emotional distress to Alexander Otis Matthews and his wife, the movant requests damages in the amount of $2,000,000.00 from Shapiro Brown & Alt, LLP. ,and that the illegal foreclosure sale be reversed.
23. A jury trial is requsted in this matter.


Very Respectfully,

_____
Farmville Group, LLC
By: Alexander Otis Matthews
Managing/Sole Member                    Dated:7/1/2013

-3-

FAIRFAX COUNTY CIRCUIT COURT      /
Farmville Group,LLC
movant

v.                              Case No.:13-12458-MBK

Shapiro Brown & Alt,LLP, on behalf
of Professional Foreclosure Corporation
Of Virginia, Substitute Trustee/

              Order To Show Cause And  Preliminary Injunction

       Upon the supporting affidavit of the debtor, it is

       ORDERED that substitute trustee Shapiro Brown & Alt,LLP,
on behalf of Professional Foreclosure Corporation of Virginia
show cause in room _____ of the Fairfax County Circuit Court,
4110 Chain Bridge Road, Fairfax, Virginia 22030 , on the _____
day of _____ ,2013, at _____o'clock, why a preliminary
injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P.,
enjoining the said substitute trustee, their successors in office,
agents and employees and all other persons acting in concern and
participation with them, to reverse the foreclosure sale held on
February 19th, 2013, against the property located at 8018 Railroad
Street, Dunn Loring, Virginia 22027.

       IT IS FURTHER ORDERED that effective immediately ,and pending
the hearing and determination of this order to show cause, that the
substitute trustee will cancel eviction proceedings and actions
against the occupants of 8018 Railroad Street, Dunn Loring, Virginia
22027.

       IT IS FURTHER ORDERED that this order to show cause, and all
other papers attached to this application, shall be served on
substitute trustee Shapiro Brown & Alt,LLP, on behalf of Professional
Foreclosure Corporation of Virginia by_____          , 2013,and
the clerk of the court is ordered to effectuate service upon
Shapiro Brown & Alt, LLP.



       Circuit Court Judge     |

       Dated:_____

FILED

JUL 10 2013

JOHN T. FREY
Clerk of the Circuit Court
of Fairfax County, VA

FAIRFAX COUNTY CIRCUIT COURT        /
Farmville Group,LLC
movant

v.                                           Case No.:   **2 0 1 3   _____**

Shapiro Brown & Alt,LLP on Behalf of
Professional Foreclosure Corporation of
Virginia, Substitute Trustee        /

## MOTION

Farmville Group,LLC, movant, hereby motions the
Court for entry of the attached order to Show Cause And Preliminary
Injunction,

Respectfully Submitted,

_____
Farmville Group, LLC
By: Alexander Matthews
Managing/Sole Member

## CERTIFICATE OF SERVICE/NOTICE

I,Alexander Otis Matthews,managing member /signatory for movant  HEREBY
CERTIFY that a true copy of this motion, with the order and the
accompanying affidavit in support, was mailed via first class mail
, postage prepaid, to Shapiro Brown & Alt,LLP, at 236 Clearfield
Avenue, Suite 215, Virginia Beach, Virginia 23462.

_____            Dated: 7/1/2013
Farmville Group,LLC
By: Alexander Matthews
Managing/Sole Member

**Ex. C, Pg. 5 of 12**

Parties

Farmville Group, LLC
c/o Alexander Otis Matthews
Reg No 24394-016
Federal Prison Camp
PO Box 9000
Berlin,NH-03570-    —


Shapiro Brown & Alt,LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462

Law Offices of
## Shapiro Brown & Alt, LLP

January 28, 2013

Cathy Andrews
8018 Railroad Street
Dunn Loring, VA 22027

RE:     8018 Railroad Street, Dunn Loring, VA 22027   22669789271
        SB&A No. 11-217303V

### NOTICE OF SUBSTITUTE TRUSTEE'S FORECLOSURE SALE PURSUANT
### TO VIRGINIA CODE § 55-59.1(A) AND DEED OF TRUST

Dear Sir/Madam:

On behalf of the substitute trustee, Professional Foreclosure Corporation of Virginia, in accordance with Virginia Code § 55-59.1(A) and the terms of the referenced deed of trust, you are hereby notified that a foreclosure sale of the above mentioned property will occur on February 19, 2013 at 3:15 PM at on the courthouse steps at the front of the Circuit Court building for the County of Fairfax located at 4110 Chain Bridge Road, Fairfax, Virginia . Attached is a notice containing the same information as the advertisement of sale and a copy of the substitution of trustee instrument.

Sincerely,

Shapiro Brown & Alt, LLP on behalf of
Professional Foreclosure Corporation
of Virginia, Substitute Trustee

Enclosure(s)

236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462
(757) 687-8777  (847) 493-7297 (Facsimile)
This is a communication from a Debt Collector.

---

Form 180 – mchrgfail

### ATTACHMENT THREE

### UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

            Case No.:  13-12458-MBK
            Chapter:  11
            Judge:  Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Farmville Group, LLC
c/o Alexander Matthews
Reg no 24394-016, Unit 5803
FCI Fort Dix-West
Fort Dix, NJ 08640
Social Security No.:

Employer's Tax I.D. No.:

---

### NOTICE OF MISSING DOCUMENTS AND NOTICE OF DISMISSAL
### IF DOCUMENTS ARE NOT TIMELY FILED

1. Notice is hereby given that the following documents must be filed within 14 days from the date the bankruptcy petition was filed:

    Attorney Representation is Required for a Chapter 11 Petition, Attorney Disclosure Statement, 20 Largest Unsecured Creditors, List of Equity Security Holders, Tax ID Number, Statement of Financial Affairs, Summary of Schedules, Corporate Resolution, Balance Sheet, Cash Flow Statement, Statement of Operations, Tax Returns, and Schedules A,B,D,E,F,G,H

2. This case will be dismissed on February 21, 2013, unless the missing documents are received on or before that date by the Clerk of the Court at:

                U.S. Bankruptcy Court
                402 East State Street
                Trenton, NJ 08608

If you object to dismissal of the case, you may submit a written request for a hearing setting forth the reasons why dismissal would not be proper. Such request must be received by the Clerk of the Court on or before February 21, 2013.

THIS IS THE ONLY NOTICE YOU WILL RECEIVE. If you fail to timely comply with the requirements set forth above, this case will be dismissed.

Dated: February 7, 2013
JJW: mmf

                                James J. Waldron
                                Clerk

If the schedules you file list more creditors than were included on the list of creditors(matrix) filed with your petition, you must file with your schedules an amended list of creditors(matrix), listing only those creditors being added.

---

Farmville Group,
8018 Railroad Str
Dunn Loring, Virg.     22027

2/13/2013

ASC Loan Number- 125601228 1     , SB & A No-11-217303V

Re: Cancellation of Sale due to Company Filing Bankruptcy

Dear Shapiro Brown & Alt,LLP:

Farmville Group LLC filed for bankruptcy protection this week, the case number is 13-12458. Please cancel the sale set for February 19th, 2013, at 3:15 pm at the Fairfax Courthouse. Thank you very much , we can be reached at 571-436-9742 for any question.

Respectfully,

Alexander Matthews

---

ATTACHMENT FOUR

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY Caption in Compliance with D.N.J. LBR 9004-2(c) | | |
|---|---|---|
| In Re: Farmville Group, LLC | Case No.: | 13-12458 |
| | Adv. No.: | |
| | Hearing Date: | 2/19/2013 at 10:00 a.m. |
| | Judge: | Michael B. Kaplan |

### ORDER TO SHOW CAUSE FOR DISMISSAL OF CASE FOR FAILURE TO
### BE REPRESENTED BY COUNSEL

The relief set forth on the following pages, numbered two (2) through (2) hereby **ORDERED.**

DATED: 02/08/2013

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor:  Farmville Group, LLC
Case No:  13-12458

ORDERED that the Debtor shall show cause on ___February 19___, 20 13 at
10:00 ., a. m. in the United States Bankruptcy Court, ___Trenton___, New Jersey, Courtroom
number __3__, before the Honorable ___Michael B. Kaplan___ why this case
should not be dismissed for failure of an LLC to be represented by Counsel.
The application to pay filing fee in installments will also be considered at this time.

**This case will be dismissed if no appearance is made.**

Approved by Judge Michael Kaplan February 08, 2013





Supplement Number One for <u>Farmville Group LLC v. Shapiro Brown</u>
<u>& Alt,LLP</u>.

24. Shapiro Brown & Alt LLP's actions violated 11 U.S.C.S 362
    (a)(1)(2)(3)(6), a federal law pertaining to the automatic
    stay provisions of the US Bankruptcy Code.

25. Shapiro Brown & Alt LLP's actions in brazenly defying the
    bankruptcy stay Farmville Group LLC was under at the time
    of the trustees' sale constituted the torts of negligence
    and wrongful conduct under the common law of the Commonwealth
    of Virginia; such actions by Shapiro Brown & Alt LLP
    were a violation of the common law of Virginia and the
    plaintiff is charging them with negligence and wrongful
    conduct pursuant to the Virginia Tort Claims Act.

26. Shapiro Brown & Alt LLP's actions also violated the
    unfair and deceptive acts and practices statute of the
    Common Wealth of Virginia and the plaintiff additionally
    charges Shapiro Brown & Alt LLP with violating that statute.

27. <u>Exhibit One</u> to this supplement is a letter from America's
    Servicing Company (ASC), the servicer for the lender Wells
    Fargo who holds the first trust mortgage on the property
    that was illegally foreclosed on. This letter from ASC  was
    mailed to the property on 2/12/2013, which makes clear the
    fact that ASC is aware that they cannot conduct a foreclosure
    as they knew the owner was under bankruptcy protection, as
    they clearly state in their own words in the letter. This
    also makes clear that Shapiro Brown & Alt LLP had given
    ASC notice of the bankruptcy filing that I and my wife sent
    to Shapiro Brown & Alt LLP, and that both ASC and Shapiro
    Brown nevertheless still ignored the stay they knew to be in
    place and allowed Shapiro to conduct the illegal foreclosure.

28. <u>Exhibit Two</u> to this supplement is a letter from the Bankruptcy
    Court showing that the case was not dismissed until 2/20/2013,
    after the sale had been conducted by Shapiro Brown & Alt LLP.

29. <u>Exhibit Three and Exhibit Four</u> to this supplement are fax
    receipts from Kinko's sent by Kawthar Fathi to Shapiro Brown
    & Alt LLP , showing that notice of the Bankruptcy filing by
    Farmville Group LLC was sent not once but twice on 2/15/2013.

30. <u>Exhibit Five , Six and Seven</u> are recent newspaper articles
    chronicling the extent of the foreclosure abuses suffered in
    the United States during the past 6-7 years and the actions
    taken by the OCC to address those abuses.

31. <u>Exhibit Eight</u>  is a recent tax valuation sent to Farmville Group
    LLC showing the recent tax value of the property. This home is
    not only a valuable asset of Farmville Group LLC in an outstanding
    neighborhood but it is the loving home of Alexander Matthews
    and his wife and children and we fall on the mercy of the court
    in asking that this illegal sale be reversed and that Farmville
    Group LLC be awarded the requested relief for the blatant violations
    of its rights by Shapiro Brown & Alt LLP.                **Ex. C, Pg. 9 of 12**

-1-

32. Farmville Group LLC hereby prays that the court will
grant it the relief requested herein and any other relief
deemed appropriate by the court.




Respectfully,

Farmville Group LLC
By: Alexander Otis Matthews
Managing/Sole Member          Dated : 7/1/2013

-2-                                              **Ex. C, Pg. 10 of 12**

AMERICA'S SERVICING CO.
RETURN MAIL OPERATIONS
PO BOX 10388
DES MOINES IA 50306-0388

*Exhibit One*

**ASC**
AMERICA'S SERVICING COMPANY

Form 148 – ntcdsmcs

02/12/13

1AB    00422/012377/000857 0045   2 ACPYMABK003 106

SEAN ANDREWS
CATHY ANDREWS
8018 RAILROAD ST
DUNN LORING, VA  22027-1111

| Account Information | |
|---|---|
| Online: | mortgageaccountonline.com |
| Fax: | (866) 453-6315 |
| Telephone: | (800) 842-7654 |
| Correspondence: | PO Box 10328 |
| | Des Moines, IA 50306 |
| Hours of Operation: | Mon - Fri 8am-8pm In Your Time Zone |
| Loan Number: | 1256012281 |
| Property Address: | 8018 Railroad St |
| | Dunn Loring VA 22027 |

UN_    STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.: 13–12458–MBK
Chapter: 11
Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Farmville Group, LLC
c/o Alexander Matthews
Reg no 24394–016, Unit 5803
FCI Fort Dix–West
Fort Dix, NJ 08640
Social Security No.:

Employer's Tax I.D. No.:

Subject: Your foreclosure sale date has been scheduled

Dear Sean Andrews & Cathy Andrews:

I am writing to provide you with important and time-sensitive information about the mortgage noted above. As the borrower, you are receiving this letter to keep you informed of your foreclosure situation.

As a reminder, the foreclosure sale of your mortgaged property has been scheduled for 02/19/13. As of the date of this letter, we have not heard from you or received the necessary documentation required to determine your eligibility for mortgage assistance. Unfortunately at this point, there is not enough time to review your loan for mortgage assistance options and make a decision prior to the scheduled foreclosure sale date.

Please note: As a result of your bankruptcy case, this letter is not an attempt to collect a debt from you or in any way violate any provision of the United States Bankruptcy Code. This letter has been sent to you for informational purposes only. This is not a bill or a request for payment, or a statement that you are personally obligated in any way to make a payment.

Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

If you have questions about the information in this letter, please call me. I can be reached at the phone number below.

Sincerely,

*Brandon Hart*

Brandon Hart
Home Preservation Specialist
America's Servicing Company

### NOTICE OF ORDER DISMISSING CASE

NOTICE IS HEREBY GIVEN that an Order Dismissing the above captioned Case was entered on 2/20/13.

Any discharge which was granted in this case is vacated. All outstanding fees to the Court incurred by the dismissed debtor(s) are due and owing and must be paid within seven (7) days from the date of this Order.

Dated: February 22, 2013
JJW: wir

James J. Waldron
Clerk

BK003 106
012377/000857 ACPYMA 51-ET-A/1-C004

④

*Exhibit Three*



TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 02/15/2013 09:40
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : M8J604884
```

```
DATE,TIME        02/15  09:40
FAX NO./NAME     18474937297
DURATION         00:00:25
PAGE(S)          02
RESULT           OK
MODE             STANDARD
                 ECM
```

*Exhibit Four*

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 02/15/2013 09:41
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : M8J604884
```

```
DATE,TIME        02/15  09:41
FAX NO./NAME     18474937297
DURATION         00:00:25
PAGE(S)          02
RESULT           OK
MODE             STANDARD
                 ECM
```

**Ex. C, Pg. 11 of 12**

⑥

EXHIBIT SIX

## Mortgage Pact Relief: $19 Billion

By Nick Timiraos

Five of the largest U.S. banks have provided $19 billion in mortgage debt write-downs to some 340,000 borrowers under the terms of a federal and state settlement of foreclosure-processing violations reached one year ago, according to a watchdog report.

*[article text heavily degraded and illegible]*

## Foreclosure abuse case settled for $8.5B
### Borrowers to get cash or aid from mortgage servicers

**What borrowers should know, 2B**

*[article text heavily degraded and illegible]*

---

EXHIBIT SEVEN

FRIDAY, FEBRUARY 22, 2013

NY Times

## Despite Aid, Borrowers Still Face Foreclosure

By Jessica Silver-Greenberg

*[article text heavily degraded and illegible]*

*Relief, but not enough for some homeowners, advocates say.*

## Foreclosure deal delivers $3.6B in cash
### Relief terms shock consumer advocates

Julie Schmit
USA TODAY

*[article text heavily degraded and illegible]*

---

EXHIBIT EIGHT

R201393639546

County of Fairfax, Real Estate Division
Department of Tax Administration (DTA)
12000 Government Center Parkway, Suite 357
Fairfax, Virginia 22035
703-222-8234; www.fairfaxcounty.gov/dta

| Tax Map Reference Number: | 0394 38 0063 | |
|---|---|---|
| District Code: 70000 | Supervisor District: | PROVIDENCE |
| Land Size: 12,800 SF | Deed Book/Page: | 19620 / 0232 |

Other Tax Districts: PEST PREVENTION
STORMWATER DIST 1

FARMVILLE GROUP LLC
8018 RAILROAD ST
DUNN LORING        VA 22027-1111

**LEGAL DESCRIPTION**
8018 RAILROAD ST
REGAL OAKS
LOT 63

Web Control Number: 002759327
Date Printed: 02/26/2013

'PLEASE NOTIFY' DTA OF MAILING ADDRESS CHANGES

### NOTICE OF REAL ESTATE ASSESSMENT CHANGE - THIS IS NOT A TAX BILL

| 2012 Assessed Value of Property | 2013 Assessed Value of Property | REASON(S) FOR CHANGE: |
|---|---|---|
| Total: $822,750 | Total: $847,000 | REASSESSMENT |
| This amount was allocated between land and building as follows: | This amount is allocated between land and building as follows: | |
| Land: $281,000 | Land: $289,000 | |
| Building: $541,750 | Building: $558,000 | ~ See Reverse Side for Appeal Information ~ |

Dear Fairfax County Taxpayer:

During 2012 the residential real estate market continued to improve in Fairfax County. This market improvement has meant fewer foreclosures, reasonably fast sales and price appreciation in many residential neighborhoods. As a result, almost 71% of residential properties have experienced an assessment increase, while 21% have no change in assessment for 2013. Assessment changes vary by neighborhood however, and dependent on the sales data some properties may have changed at a rate different from the County-wide average.

The Department of Tax Administration (DTA) uses professionally recognized mass appraisal techniques to assess the market value of properties. This includes a review of the average assessment-to-sales price ratio (ASR) for each assessment neighborhood. The ASR analysis compares the 2012 assessments to actual sale prices that occur during the year. The relationship between the 2012 assessment and subsequent sale price helps determine whether an assessment adjustment is necessary for 2013. As sale prices increase during the year, the existing ASR generally decreases (an inverse relationship), suggesting the need for assessments to be increased. Again, however, not all sale prices change uniformly throughout the County, and assessments are adjusted based on an analysis of actual sales data and comparable properties within neighborhoods.

Like other Virginia jurisdictions, DTA appraisers use market sales and cost data to determine residential property assessments. Field surveys and other data are also used to help compare property sales based on comparable physical characteristics. While market sales data provides the ultimate framework for assessing residential property, staff also analyzes depreciated "cost" information to help determine the appropriate assessment level. The assessed value allocated to land this year remains a relatively constant percent of total assessment.

For commercial income producing properties such as office buildings, the capitalized income approach to valuation is the principal assessment methodology used to assess market value.