IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 1:14-cv-207 ) Hon. Liam O'Grady ) Hon. Michael S. Nachmanoff |
| ESTRATEGIA INVESTIMENTOS, et al., | ) ) |
| *Defendants*. | ) ) ) |

## ORDER

This matter comes before the Court on its *sua sponte* order to show cause why this matter should not be dismissed for Plaintiff's lack of standing. Dkt. 88. Plaintiff timely responded to the order. Dkt. 93. In that response, he also moved the Court for a certification of an interlocutory appeal from the Court's dismissal of three defendants for lack of personal jurisdiction. For the reasons below and for good cause, the Court finds that Plaintiff does not have standing to prosecute this case and it is **DISMISSED**. Plaintiff's motion for a certification of an interlocutory appeal is **DENIED**.

In asserting that he has standing to prosecute this case, Plaintiff re-asserts that he is suing in his capacity as a trustee of American Investment Real Estate Corporation (AIREC) and cites to VA. CODE § 13.1-752, a general statute providing for the distribution of assets and liabilities upon corporate dissolution.[1] However, as a matter of statutory interpretation, the specific provisions of VA. CODE § 13.1-755 control causes of action belonging to dissolved corporations

---

[1] Former defendant Centrum Beratungs-Und Beteiligungen AG points out in its response to Plaintiff's filing that AIREC is in fact a Delaware corporation and Plaintiff has not demonstrated that AIREC has filed for bankruptcy or otherwise been dissolved. Dkt. 96. Plaintiff did not file a reply to the response and any reply now would be untimely.

and those provisions explicitly provide that "[a]ny [cause of action] by or against the corporation may be prosecuted or defended by the corporation in its corporate name." *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); VA. CODE § 13.1-755. Accordingly, Plaintiff does not have standing to pursue this cause of action. *See RBA Capital, LP v. Anonick*, 2009 WL 960090, at *3 (E.D. Va. Apr. 8, 2009) (citing *City of Virginia Beach v. Bell*, 498 S.E.2d 414, 418 (Va. 1998)). Even if this case were to be liberally construed to be brought in AIREC's name, Plaintiff may not prosecute this matter *pro se*. *See Premium Prods., Inc. v. Pro Performance Sports LLC*, 997 F. Supp. 2d 433, 437 (E.D. Va. 2014).

Plaintiff has requested that, in the alternative to dismissal for lack of standing, this case remain stayed until his release from incarceration and he is able to secure the services of an attorney to proceed on behalf of the appropriate plaintiff, AIREC. While Plaintiff's present incarceration and *pro se* status may counsel in favor of such a stay, Plaintiff's lack of standing deprives the Court of subject matter jurisdiction over this case. *See, e.g., Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 230 (4th Cir. 2008). Deprived of such jurisdiction, the Court is powerless to impose a stay. *In re Federated Dep't. Stores, Inc.*, 328 F.3d 829, 833 (6th Cir. 2003) (noting that a stay issued without subject matter jurisdiction would be unlawful); *Pennsylvania v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005) ("[T]he power to grant a stay is subject to an important limitation: the existence of subject matter jurisdiction.").

For these reasons and for good cause, this case is **DISMISSED** for lack of subject matter jurisdiction and Plaintiff's motion for a certification of an interlocutory appeal (Dkt. 93) is **DENIED**.

The Clerk of Court is instructed to mail a copy of this order to Plaintiff.

It is so **ORDERED**.

March 13, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge